POLICE OFFICERS ASSOCIATION OF MICHIGAN v LAKE
COUNTY
POLICE OFFICERS ASSOCIATION OF MICHIGAN v MONTCALM
COUNTY

Docket Nos. 110644, 113038. Submitted November 7, 1989, at Lansing.
Decided May 7, 1990. Leave to appeal applied for.

The Police Officers Association of Michigan petitioned the Michi-
gan Employment Relations Commission for an order directing
an election in which certain emergency medical service employ-
ees of the Lake County ambulance department were to choose
representation by POAM or by their then current collective
bargaining agent, the Lake County Employees Chapter Local
2389, Michigan Council 25, American Federation of State,
County and Municipal Employees, AFL-CIO. In granting the
petition, MERC ruled that the employees in question, although
not employed by the county's sheriff's department, are subject
to the statute which provides for compulsory arbitration of
labor disputes in police or fire departments, 1969 PA 312, MCL
423.231 et seq.; MSA 17.455(31) et seq. Lake County appealed.

The Police Officers Association of Michigan petitioned the Michi-
gan Employment Relations Commission for an order directing
an election in which certain ambulance attendants employed
by the Montcalm County emergency medical service depart-
ment were to choose representation by POAM or by their then
current collective bargaining agent, the American Federation
of State, County and Municipal Employees, AFL-CIO, Michigan
Council 25, Local 3067. In granting the petition, MERC ruled
that the employees in question, although not employed by the
county's sheriff's department, are subject to Act 312. MERC
further ordered that the emergency medical service employees
are to remain in a separate bargaining unit apart from the
county's other employees. Montcalm County appealed.

The Court of Appeals consolidated the appeals and *held:*

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1764, 1773.

See the Index to Annotations under Collective Bargaining; Fire
Departments and Firefighters; Police and Law Enforcement Offi-
cers; Public Officers and Employees.

1. Act 312 applies to emergency medical service personnel only where such personnel are employed by a police or fire department. In both these cases, the employees in question were not so employed and are therefore not subject to the provisions of Act 312.

2. MERC's order that the Montcalm County emergency medical service personnel shall remain in a separate bargaining unit apart from the county's other employees is not contrary to law nor is it unsupported by material, competent and substantial evidence on the record.

MERC's decision with respect to Lake County is reversed and its decision with respect to Montcalm County is affirmed in part and reversed in part.

LABOR RELATIONS — COMPULSORY ARBITRATION — POLICE AND FIRE DEPARTMENTS — EMERGENCY MEDICAL SERVICE PERSONNEL.

The statute which provides for compulsory arbitration of labor disputes in police and fire departments applies to emergency medical service personnel only where such personnel are employed by a police or fire department (MCL 423.232[1] and [2]; MSA 17.455[32][1] and [2]).

*Frank A. Guido,* for Police Officers Association of Michigan.

*Webb & Hildebrandt, P.C.* (by *L. Rodger Webb* and *Susan Byrnes*), for American Federation of State, County and Municipal Employees, AFL-CIO, Michigan Council 25, Local 3067.

*Cohl, Salstrom, Stoker & Aseltyne, P.C.* (by *Patrick A. Aseltyne*), for Lake County.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Jack R. Clary* and *Douglas H. Wiegerink*), for Montcalm County.

Before: WEAVER, P.J., and NEFF and BRENNAN, JJ.

BRENNAN, J. In these companion cases, Lake County and Montcalm County appeal as of right

from decisions of the Michigan Employment Relations Commission finding that the counties' ambulance attendants and emergency medical technicians (EMTS) are eligible for representation under the compulsory arbitration of labor disputes in police and fire departments act, 1969 PA 312, MCL 423.231 *et seq.*; MSA 17.455(31) *et seq.* The facts in these cases are not in dispute.

### THE LAKE COUNTY CASE

On March 17, 1988, the Police Officers Association of Michigan (POAM) filed a petition with MERC seeking to represent all full-time and regular part-time emergency medical service employees employed by the Lake County Ambulance Department for collective bargaining purposes. The petition excluded supervisors. Nine employees were affected by the petition. At the time the petition was filed, these employees were part of a county-wide bargaining unit represented by Council No. 25, American Federation of State, County and Municipal Employees.

The ambulance department is separate from the county sheriff's department. Lake County does not have a county fire department. The sheriff's department employees are represented by petitioner.

MERC found that the EMTS met the Act 312 definition of emergency medical personnel and that, even though the EMTS were not employed by a police or fire department, they were eligible for bargaining under Act 312. MERC directed that an election be held by the unit described by the petition as to whether the EMTS wished to be represented by the POAM or AFSCME. The EMTS elected petitioner as their bargaining representative.

## THE MONTCALM COUNTY CASE

On August 4, 1987, POAM filed a petition with MERC seeking to represent for collective bargaining purposes all full-time and regular part-time ambulance attendants employed by the county Emergency Medical Service Department. The petition excluded supervisors, part-time employees who worked less than twenty hours per week and volunteers. Approximately seventeen employees were affected by the petition. At the time the petition was filed, the employees were represented by AFSCME.

The emergency medical service department is separate from the county sheriff's department. The department is an "enterprise department" which does not operate under the general fund of the county. It has its own operating fund with revenue generated by a designated millage and from insurance and cash payments resulting from direct billing of persons using the department's services.

MERC, relying on its decision in the Lake County case, held that the Emergency Medical Service Department employees were eligible for bargaining under Act 312. MERC ordered that an election be held and, pursuant to that order, the employees chose petitioner as their bargaining representative.

## DISCUSSION

MERC's findings of fact are to be upheld if supported by competent, material and substantial evidence on the whole record. *Southfield Police Officers Ass'n v Southfield,* 433 Mich 168, 175; 445 NW2d 98 (1989). However, this Court may review the law regardless of MERC's factual findings. *Id.*; Const 1963, art 6, § 28.

Act 312 entitles those public employees falling

within its scope to binding arbitration of their labor disputes. The act is intended to avert strikes by public employees in critical-service police and fire departments which provide vital, unique and essential services, the disruption of which would threaten public safety, welfare and order, as well as undermine the morale and efficient operation of the departments. *Metropolitan Council No 23, AFSCME v Oakland Co Prosecutor,* 409 Mich 299, 325; 294 NW2d 578 (1980).

The respondent counties argue that MERC erred in ruling that the employees at issue are eligible for representation under Act 312 even though they are not employed by a police or fire department. Resolution of this issue depends upon the proper construction of § 2 of Act 312. That section provides in part:

> (1) Public police and fire departments means any department of a city, county, village, or township having employees engaged as policemen, or in fire fighting or subject to the hazards thereof, emergency medical service personnel employed by a police or fire department, or an emergency telephone operator employed by a police or fire department.
>
> (2) Emergency medical service personnel for purposes of this act includes a person who provides assistance at dispatched or observed medical emergencies occurring outside a recognized medical facility including instances of heart attack, stroke, injury accidents, electrical accidents, drug overdoses, imminent childbirth, and other instances where there is the possibility of death or further injury; initiates stabilizing treatment or transportation of injured from the emergency site; and notifies police or interested departments of certain situations encountered including criminal matters, poisonings, and report of contagious diseases. [MCL 423.232(1) and (2); MSA 17.455(32)(1) and (2).]

The statute, as originally enacted, did not cover emergency medical service personnel. That language was added to the statute by 1976 PA 203, § 1. It is not disputed that the employees at issue here are emergency medical service personnel as defined in the statute.

When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is prohibited. The Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983).

The language of MCL 423.232(1); MSA 17.455(32)(1) is clear and unambiguous: "Public police and fire departments means any department . . . having employees engaged as policemen, or in fire fighting or subject to the hazards thereof, *emergency medical service personnel employed by a police or fire department* . . . ." (Emphasis added.) Neither of the departments at issue had employees "engaged as policemen, or in fire fighting or subject to the hazards thereof." Thus, neither department is a police or fire department as defined in § 2. Emergency medical service personnel not employed by a police or fire department are not eligible to bargain under Act 312. Since the employees at issue here are not employed by police or fire departments, they are ineligible for bargaining under Act 312.

It appears that the MERC recognized the exclusion for such employees created by the statute, but felt it would be "frivolous" to exclude the employees at issue from Act 312 eligibility merely because respondents chose to run their respective emergency medical service departments apart from their respective sheriff or fire departments.

The problem with the MERC's conclusion is that

the "frivolous" exclusion involved in these cases is positively mandated by the statute. Given the unambiguous language of the statute, we can only conclude that the Legislature intended that emergency medical service personnel organized as a department separate from a municipality's police or fire department are to be excluded from Act 312 coverage. If the Legislature believes that it is indeed "frivolous" to exclude emergency medical service personnel such as those at issue here from Act 312 coverage, then it is up to the Legislature to amend the language of the statute to eliminate the exclusion.

In addition, respondent Montcalm County argues that MERC's decision that respondent's emergency medical service employees should remain in a separate bargaining unit apart from respondent's general employees unit is contrary to law and unsupported by material, competent and substantial evidence. On the basis of the record before us, we find no reason to overturn MERC's decision on this matter.

For the above-stated reasons, the MERC decision in the Lake County case is reversed. The MERC decision in the Montcalm County case is reversed in part and affirmed in part.