McELROY v MICHIGAN STATE POLICE CRIMINAL
JUSTICE INFORMATION CENTER

Docket No. 263077. Submitted January 10, 2007, at Detroit. Decided
January 25, 2007, at 9:10 a.m. Leave to appeal denied, 480 Mich ___.

Marvin E. McElroy brought an action in the Roscommon Circuit
Court seeking a writ of mandamus to compel the Michigan State
Police Criminal Justice Information Center to return or destroy
certain documents that were created in connection with his arrest
for domestic violence after he completed a diversionary program
under MCL 769.4a pursuant to a plea agreement. The trial court,
Michael J. Baumgartner, J., granted summary disposition in favor
of the plaintiff after concluding that the plaintiff's mandamus
request was justified under MCL 28.243(8), which requires the
destruction of fingerprints and arrest cards of those who are found
not guilty of the offense for which the fingerprints were taken. The
defendant appealed.

The Court of Appeals *held*:

The trial court erred in granting the writ of mandamus because
the defendant did not have a clear legal duty to return or destroy
the documents in light of the fact that the plaintiff's discharge
from the diversionary program and dismissal of the proceedings
against him was not a finding of not guilty under MCL 28.243(8),
which provides for the destruction of fingerprints and arrest cards
only for those who are found not guilty of the offense for which the
fingerprints were taken.

Writ of mandamus vacated and case remanded for entry of
judgment in favor of the defendant.

MANDAMUS — STATUTES — DOMESTIC VIOLENCE — DISCHARGE AND DISMISSAL —
DESTRUCTION OF RECORDS.

An official has no legal duty to destroy the fingerprints and arrest
cards of a person whose domestic-violence proceedings were dis-
missed following completion of probation under MCL 769.4a
because destruction of such documents is required only for those
who are found not guilty of the offense for which the fingerprints
were taken, and a discharge and dismissal does not constitute a
finding of not guilty (MCL 28.243[8]).

*Law Office of Bruce K. Mannikko, P.C.* (by *Bruce K. Mannikko*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *H. Steven Langschwager*, Assistant Attorney General, for the defendant.

Before: SAAD, P.J., and CAVANAGH and SCHUETTE, JJ.

SAAD, P.J.

### I. NATURE OF THE CASE

This case presents an issue of first impression: whether a person who participates in a diversionary program under MCL 769.4a and ultimately has his or her charges dismissed is entitled to have his or her fingerprint card, arrest card, and description destroyed under MCL 28.243(8). We agree with defendant, Michigan State Police Criminal Justice Information Center, that it does not have a clear legal duty under MCL 28.243(8) to return or destroy the documents because plaintiff, Marvin McElroy, has not shown that the dismissal was a finding of not guilty. Accordingly, we reverse the trial court's decision, vacate the writ of mandamus that ordered defendant to destroy the documents, and remand for entry of judgment in favor of defendant.

### II. FACTS

McElroy seeks to have returned or destroyed documents created after his arrest on April 17, 2002, for domestic violence. The prosecuting attorney, Daniel Sutton, authorized a formal domestic-violence complaint and warrant. McElroy entered a plea of no contest under an agreement that provided that if he

pleaded no contest and the court accepted his plea, the charge would be dismissed following probation and completion of a domestic-violence program. See MCL 769.4a. Apparently acting on a belief that he could not technically accept a plea to comply with MCL 769.4a, Judge Charles Parsons stated at McElroy's arraignment that he did not *accept* McElroy's plea, though it is undisputed that Judge Parsons, in sentencing defendant, intended to and did follow the terms of the plea agreement. Accordingly, Judge Parsons sentenced McElroy to 12 months' probation with conditions that included the requirement that McElroy complete a domestic-violence program.

McElroy fulfilled all the terms of his probation and, thereafter, former prosecutor and current judge, Daniel Sutton, signed an order that stated:

> The plea or the finding of guilt under the Spouse Abuse Act (MCL 769.4a) is set aside and the case is dismissed. *The records of arrest and discharge or dismissal in this case shall be retained as a NONPUBLIC RECORD according to law.*

On September 9, 2003, McElroy filed a motion to have his fingerprint card, arrest card, and description[1] returned. He used Form MC 235 from the State Court Administrative Office and checked a box stating, "My case was dismissed without trial." The form is a combination motion and order and states, in part:

> IT IS ORDERED: Under MCL 28.243 the State Police and arresting agency shall immediately, without charge and without further demand, return to the defendant/juvenile the fingerprints, arrest card, and description made in the above case.

---

[1] For brevity, the fingerprint card and arrest card will be hereafter referred to as the "documents."

The assistant prosecuting attorney approved the order "as to form" and Judge Francis Walsh signed the order.

When it received a copy of the order, defendant Michigan State Police Criminal Justice Information Center sought clarification from the Attorney General's office. The Attorney General's office, in turn, informed the district court that MCL 769.4a(6) requires the Department of State Police to retain a nonpublic record of the arrest and dismissal. The Attorney General's office stated that, accordingly, the order should not be submitted to the state police.

McElroy then filed this action for a writ of mandamus to order defendant to surrender the documents. McElroy also asked the court to sanction defendant for nonfeasance in office under MCL 28.246. McElroy filed a motion for summary disposition under MCR 2.116(C)(10) and argued that MCL 28.243 requires the return of his documents because there was no finding of guilt in his underlying domestic-violence case. In response, defendant argued that the trial court should enter judgment in its favor because McElroy did not meet the requirements of MCL 28.243(8). Defendant also argued that MCL 769.4a(6) requires it to keep a nonpublic record of the arrest and discharge to prevent a person from using the dismissal procedure more than once, and that retaining the documents would best enable defendant to effectively meet this requirement. The trial court ultimately granted summary disposition to McElroy and ordered defendant to destroy or return the documents.

III. ANALYSIS

We hold that defendant does not have a clear legal duty to return or destroy the documents because McEl-

roy has not shown that the discharge and dismissal was a finding of not guilty under MCL 28.243(8).

MCL 28.243(8) provides, in pertinent part:

> . . . [I]f an accused *is found not guilty* of an offense for which he or she was fingerprinted under this section, upon final disposition of the charge against the accused or juvenile, the fingerprints and arrest card shall be destroyed by the official holding those items and the clerk of the court entering the disposition shall notify the department of any finding of not guilty or not guilty by reason of insanity, dismissal, or nolle prosequi, if it appears that the accused was initially fingerprinted under this section . . . . [Emphasis added.]

As noted, McElroy participated in a diversionary program under MCL 769.4a, which provides that a person who pleads or is found guilty of assaulting his or her spouse may, with the prosecutor's consent, have proceedings delayed and be placed on probation without the court entering a judgment of guilt. MCL 769.4a(1). When the terms and conditions of probation are fulfilled, the court must discharge the accused and dismiss the proceeding, and the statute provides that such "[d]ischarge and dismissal . . . shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." MCL 769.4a(5). A person may use this provision only once, so the department is required to maintain a nonpublic record of the arrest and discharge or dismissal, although the statute does not specify what information the record should contain. MCL 769.4a(6).

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature, which we determine from the language of the statute itself. *In re MCI Telecom Complaint*, 460 Mich 396, 411;

596 NW2d 164 (1999). If the statute is unambiguous on its face, the Legislature is presumed to have intended the meaning expressed, and judicial construction is neither required nor permissible. *Id.* Further, and importantly, "[a] writ of mandamus will only be issued if the plaintiffs prove they have a clear legal right to performance of the specific duty sought to be compelled and that the defendant has a clear legal duty to perform such act." *Id.* at 442-443 (citations and internal quotations omitted).

McElroy argues that MCL 28.243(8) requires defendant to destroy the enumerated documents because the charges brought against him were ultimately dismissed and, he maintains, the statute requires defendant to destroy these documents unless McElroy was found guilty. To the contrary, nothing in subsection 8 requires defendant to destroy the documents following a dismissal. Rather, subsection 8 plainly states that, in order for McElroy to require defendant to destroy these documents, McElroy must show that he was "found not guilty."[2]

McElroy does not argue, or cite any authority holding, that a dismissal under MCL 769.4a should be

---

[2] In the trial court, McElroy cited *Carr v Midland Co Concealed Weapons Licensing Bd,* 259 Mich App 428; 674 NW2d 709 (2003), which is clearly distinguishable. In *Carr,* this Court held that a dismissal of a guilty plea following successful completion of a similar probation program under MCL 333.7411 did not render the plaintiff "convicted of a felony," see MCL 28.425b(7)(f), for purposes of disqualifying her from obtaining a concealed weapons permit, because MCL 333.7411(1) provided that her discharge and dismissal was "not a conviction." *Id.* at 430, 436-438. Here, MCL 769.4a(5) provides that McElroy's discharge and dismissal was not an adjudication of guilt, and, as previously discussed, in order to have the documents destroyed under MCL 28.243(8), McElroy must show that he was "found not guilty" of the crime charged. Thus, *Carr* is inapplicable because it addressed statutory language triggered by a conviction, while the critical statutory language here is triggered by a "finding of not guilty."

construed as a finding of not guilty within the meaning of MCL 28.243(8). Moreover, MCL 769.4a(5) provides that "[d]ischarge and dismissal under this section shall be *without adjudication of guilt* and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." (Emphasis added.) Thus, because no adjudication of guilt was made pursuant to MCL 769.4a(5), McElroy cannot show that he has been "found not guilty," which he must show to require destruction of the enumerated documents under MCL 28.243(8).[3]

McElroy's assertion that subsection 8 provides that a dismissal is a *type* of finding of not guilty is essentially a request that this Court read into the statute an interpretation that is not supported by its plain language, and we are bound to deny such requests. See *People v Spann,* 250 Mich App 527, 532; 655 NW2d 251 (2002) (holding that "[n]othing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself").[4]

Accordingly, McElroy cannot establish that he has a clear legal right to have the documents destroyed, nor can he show that defendant has a clear legal duty to

---

[3] Further, the fact that McElroy cannot have the enumerated documents destroyed is not a type of "disqualification[] or disabilit[y] imposed by law upon conviction of a crime," MCL 769.4a(5), because, although McElroy is not qualified to have his requested documents destroyed, any alleged disqualification or disability is not "imposed . . . upon conviction" but is imposed by the fact that McElroy cannot show that he was "found not guilty."

[4] Though subsection 8 requires the clerk to *report* a dismissal to the department, it does not logically follow that the dismissal must require defendant to destroy the enumerated documents. A plain reading of the statute compels the conclusion that the only duty imposed by subsection 8 following a dismissal is the duty for the clerk to notify the department of the dismissal.

destroy them. See *MCI, supra* at 442-443.[5] Again, a writ of mandamus is only appropriate if a plaintiff proves a clear legal right and a clear legal duty, and, therefore, the trial court erred in this case.[6] Therefore, we reverse the decision of the trial court, vacate the writ of mandamus, and remand for entry of judgment in favor of defendant. We do not retain jurisdiction.

[5] Our holding that McElroy is not entitled to destruction of the documents is reinforced by MCL 769.4a(1), in which our Legislature made it mandatory for a court, before it permits a deferral or probation under these circumstances, to determine whether a person has already benefited from the procedure available under the statute in favor of a diversionary program. Indeed, that subsection provides that "the court *shall* contact the department of state police and determine whether, according to the records of the department of state police, the accused has previously been convicted . . . or has previously availed himself or herself of this section." (Emphasis added.) Without retention of records by the state police, this requirement would be compromised.

[6] McElroy maintains that a dismissal should trigger defendant's obligation to destroy the documents because to hold otherwise would prohibit an accused person from accepting a dismissal if he wants his fingerprint card destroyed. However, it is immaterial for purposes of statutory analysis whether a different result would be preferable. See *Mayor of Lansing v Pub Service Comm*, 470 Mich 154, 161; 680 NW2d 840 (2004) ("[O]ur Legislature is free to make policy choices that, especially in controversial matters, some observers will inevitably think unwise."). Further, the record reflects that, when McElroy originally entered his plea at the arraignment, he expressed concern about whether his arrest card would be returned upon final disposition. The judge informed McElroy that he did not know whether McElroy would be entitled to the return of the card and that he could not guarantee anything with respect to this issue. In light of this, McElroy elected to accept the plea bargain knowing that his fingerprint card might be retained.