PEOPLE v BENJAMIN
PEOPLE v HENISER
PEOPLE v ZDYBEL

Docket Nos. 281899, 281900, and 281901. Submitted April 15, 2009, at
Detroit. Decided April 21, 2009, at 9:20 a.m.

Terri L. Benjamin, Kimberly J. Heniser, and Julia A. Zdybel each
pleaded guilty in the Isabella County Trial Court of possession of
less than 25 grams of cocaine. The court, Paul H. Chamberlain, J.,
pursuant to MCL 333.7411(1), deferred further proceedings and
placed the defendants on probation for six months. Upon success-
ful completion of probation, the court discharged the defendants
and dismissed the proceedings against them. On motion by the
defendants, the court ordered the destruction of their fingerprint
and arrest records. The court denied the prosecution's motion for
reconsideration, and the prosecution appealed by leave granted.

The Court of Appeals *held*:

The trial court erred by ruling that the defendants were
entitled under MCL 28.243(8) to the destruction of their finger-
print and arrest records. MCL 333.7411(2) requires the Depart-
ment of State Police to keep a nonpublic record of an arrest and
discharge or dismissal under MCL 333.7411.

1. MCL 28.243(8) requires the destruction of the fingerprint
and arrest records of a person who is found not guilty of an offense.
A discharge and dismissal under MCL 333.7411(1) is without an
adjudication of guilt. Because a person discharged pursuant to
MCL 333.7411(1) has not been found not guilty, the person is not
entitled under MCL 28.243(8) to the destruction of his or her
fingerprint and arrest records.

2. A main purpose behind the requirement of MCL 333.7411(2)
that the Department of State Police keep and make available to a
court, police agency, or prosecuting attorney's office a nonpublic
record of an arrest and discharge or dismissal pursuant to MCL
333.7411 is to ensure that the person involved receives only the
one-time deferral allowed by the statute. Preserving the finger-
print and arrest records of a person discharged under MCL
333.7411 serves that purpose.

Reversed.

CONTROLLED SUBSTANCES — CRIMINAL PROSECUTIONS — DEFERRED CRIMINAL
PROCEEDINGS — DISCHARGE AND DISMISSAL OF CRIMINAL PROCEEDINGS —
RECORDS — FINGERPRINT RECORDS — ARREST RECORDS.

A first-time offender of certain criminal statutes proscribing the
possession or use of controlled substances who pleads or is found
guilty, placed on probation, and then discharged upon completion
of probation is not entitled to the destruction of his or her
fingerprint and arrest records (MCL 28.243[8]; MCL 333.7411[1],
[2]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, *Larry J. Burdick*, Prosecuting Attor-
ney, and *Stuart Black*, Assistant Prosecuting Attorney,
for the people.

Before: BECKERING, P.J., and TALBOT and DONOFRIO, JJ.

DONOFRIO, J. In these consolidated appeals, the pros-
ecutor appeals by leave granted the trial court's orders
granting motions by defendants Terri Lea Benjamin,
Kimberly Jane Heniser, and Julia Ann Zdybel for the
destruction of fingerprint and arrest cards by the ar-
resting agency or the Michigan State Police. Each
defendant pleaded guilty of possession of less than 25
grams cocaine, MCL 333.7403(2)(a)(*v*). The trial court
granted all three defendants deferral status under MCL
333.7411 and placed them on probation for six months.
Defendants successfully completed the terms and con-
ditions of their probation and, pursuant to MCL
333.7411(1), the trial court dismissed charges against
them. Subsequently, the trial court granted defendants'
motions for destruction of their fingerprint and arrest
cards. The trial court denied the prosecution's motion
for reconsideration, and this Court granted leave to
appeal. Because the trial court clearly erred by conclud-
ing that MCL 333.7411 allowed defendants' fingerprint
and arrest cards to be destroyed, we reverse.

The prosecutor argued on motion for reconsideration that MCL 333.7411(2)(a) requires the Department of State Police to keep a nonpublic record of an arrest for individuals who receive deferrals. The prosecution relied on *McElroy v Michigan State Police Criminal Justice Information Center*, 274 Mich App 32; 731 NW2d 138 (2007), in which this Court interpreted a different but similar statutory deferral provision and held that fingerprint and arrest cards must be retained by the police. The trial court determined that MCL 28.243(8) applied. That statute requires the destruction of the fingerprint and arrest cards of a person found not guilty of an offense. The trial court distinguished *McElroy* on the basis that McElroy had pleaded no contest rather than guilty, stating:

> The facts in *McElroy* differ from the facts in these cases. Mr. McElroy entered a plea of no contest to domestic violence and entered into a deferral program under MCL 769.4a. [*McElroy, supra*] at 33-34. The Court of Appeals held that because Mr. McElroy was unable to prove his discharge and dismissal was a finding of not guilty under MCL 28.243(8) because he pleaded no contest rather than guilty[,] there was never an adjudication of guilt entered. *Id.* at 38. Therefore, he was not entitled to have his fingerprint and arrest cards destroyed. *Id.*

The trial court ultimately ruled that under MCL 28.243(8), defendants were entitled to the destruction of their fingerprint and arrest cards, reasoning:

> The Court of Appeals [in] *McElroy* footnotes a case deciding when a discharge or dismissal under MCL 333.7411 constitutes a finding of not guilty; the case cited was *Carr v Midland [C]o Concealed Weapons Licensing Bd*, 259 Mich App 428; 674 NW2d 709 (2003). In *Carr*, the Court of Appeals held that a dismissal of a guilty plea after a successful completion of a probation program under MCL 333.7411 did not render the plaintiff in that case guilty of

a felony because MCL 333.7411(1) provided that her discharge and dismissal was not a conviction. This decision allowed Ms. Carr to apply for a concealed weapons permit because she did not have a conviction on her record.

The facts in the cases above are more like those in *Carr* than in *McElroy*. Each Defendant named above pleaded guilty to the charges against them; therefore, an adjudication of guilt was entered against them. When they successfully completed their probation program they were discharged and a dismissal of a guilty plea was entered. As the court held in *Carr*, Defendants in these cases were found not guilty of an offense. Therefore, they are entitled to have their fingerprint and arrest cards destroyed under MCL 28.243. *McElroy* does not apply to this case because Defendants are able to prove that their discharge and dismissal is a finding of not guilty.

Therefore, People's Motion for Reconsideration is denied because they have failed to demonstrate that this Court has committed palpable error. Further, MCL 333.7411(2) requires that the records and identifications division of the department of state police retain a nonpublic record of an arrest and discharge or dismissal under this section. Destroying the fingerprint and arrest cards does not prevent the state police from maintaining a record of the arrest and discharge or dismissal.

Resolution of this single-issue appeal turns on the interpretation of MCL 333.7411. Issues of statutory interpretation are questions of law, which this Court reviews de novo. *People v Hesch*, 278 Mich App 188, 192; 749 NW2d 267 (2008). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature, which is determined from the language of the statute itself. *McElroy*, *supra* at 36. If the statute is unambiguous on its face, the Legislature is presumed to have intended the meaning expressed, and judicial construction is neither required nor permissible. *Id.* at 37.

On appeal, the prosecutor argues that the police are allowed to keep a nonpublic arrest record of a party's fingerprint and arrest card after the party has successfully completed an MCL 333.7411 deferral for three reasons: (1) the statute specifically states that the police shall retain a nonpublic arrest record for parties who have completed MCL 333.7411 deferral; (2) one of the main purposes behind keeping the nonpublic arrest record is to confirm that the party does not receive another MCL 333.7411 deferral in the future; and (3) MCL 28.243(8) does not apply because a person who completes a deferral does so without an adjudication of guilt and therefore the MCL 28.243(8) triggering language of "not guilty" is not met.

In deferral proceedings under MCL 333.7411(1), an individual either pleads guilty or is found guilty of certain controlled substance offenses. The trial court does not adjudicate guilt when the plea is tendered. Instead, the trial court defers proceedings and places the individual on probation. If the individual complies with the terms of probation, the trial court discharges the individual without an adjudication of guilt and dismisses the proceedings. If the individual fails to fulfill the terms of probation, the trial court enters an adjudication of guilt. MCL 333.7411(1) provides in pertinent part:

> When an individual who has not previously been convicted of an offense under this article or under any statute of the United States or of any state relating to narcotic drugs, coca leaves, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under [MCL 333.7403(2)(a)(v)] . . . the court, without entering a judgment of guilt with the consent of the accused, may defer further proceedings and place the individual on probation . . . . Upon fulfillment of the terms and conditions, the

court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and, except as provided in [MCL 333.7411(2)(b)], is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under section [MCL 333.7413]. There may be only 1 discharge and dismissal under this section as to an individual.

MCL 333.7411(2) requires the Department of State Police to keep a nonpublic record of the arrest and discharge and dismissal, partly for the purpose of determining whether an individual has previously availed himself of an MCL 333.7411 deferral:

The records and identifications division of the department of state police shall retain a nonpublic record of an arrest and discharge or dismissal under this section. This record shall be furnished to any or all of the following:

(a) To a court, police agency, or office of a prosecuting attorney upon request for the purpose of showing that a defendant in a criminal action involving the possession or use of a controlled substance, or an imitation controlled substance as defined in [MCL 333.7341], covered in this article has already once utilized this section. [MCL 333.7411(2)(a).]

In addressing the prosecutor's motions for reconsideration, the trial court considered the language of MCL 333.7411, but relied on MCL 28.243(8) to conclude that defendants were entitled to have their fingerprint and arrest cards destroyed. Despite the trial court's acknowledgement of the requirements of MCL 333.7411(2), it determined that MCL 28.243(8) applies to this case. MCL 28.243(8) requires the destruction of fingerprint and arrest cards of persons who are found not guilty of an offense:

[I]f an accused is found not guilty of an offense for which he or she was fingerprinted under this section, upon final disposition of the charge against the accused or juvenile, the fingerprints and arrest card shall be destroyed by the official holding those items and the clerk of the court entering the disposition shall notify the department of any finding of not guilty or not guilty by reason of insanity, dismissal, or nolle prosequi, if it appears that the accused was initially fingerprinted under this section . . . . [MCL 28.243(8).]

No appellate decisions have addressed the retention-of-arrest-record requirement of MCL 333.7411(2), or whether a dismissal under MCL 333.7411 is a finding of not guilty within the meaning of MCL 28.243(8). But, in *McElroy*, this Court considered whether a person who successfully completes a similar deferral program under the spouse abuse act, MCL 769.4a, is entitled to have his fingerprint and arrest card destroyed under MCL 28.243(8). *McElroy*, *supra* at 33.

McElroy was charged with, and pleaded no contest to, domestic violence. He participated in a deferral program under MCL 769.4a, which provides that a person who pleads or is found guilty of assaulting his or her spouse may have proceedings delayed and be placed on probation without the court entering a judgment of guilt. *McElroy*, *supra* at 34. Like under MCL 333.7411, when the terms and conditions of probation are fulfilled, the court must discharge the accused and dismiss the proceeding, and such "[d]ischarge and dismissal . . . shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." MCL 769.4a(5). Also as in MCL 333.7411, a person may use the deferral provision in MCL 769.4a(5) only once, "so the department is required to maintain a nonpublic record of the arrest and dis-

charge or dismissal[.]" *McElroy, supra* at 36, citing MCL 769.4a(6). McElroy completed the deferral program in accordance with the terms and conditions of his probation, and the charges against him were dismissed. *Id.* at 35.

McElroy brought in this Court a mandamus action seeking the return or destruction of his fingerprint and arrest card, relying on MCL 28.243(8). *McElroy, supra* at 35. He argued that there was no finding of guilt in his domestic violence case. *Id.* This Court denied relief because McElroy failed to show that he was "found not guilty" as required by MCL 28.243(8). This Court explained that the discharge and dismissal of the domestic charges did not constitute a finding of "not guilty":

> McElroy argues that MCL 28.243(8) requires defendant to destroy the enumerated documents because the charges brought against him were ultimately dismissed and, he maintains, the statute requires defendant to destroy these documents unless McElroy was found guilty. To the contrary, nothing in subsection 8 requires defendant to destroy the documents following a dismissal. Rather, subsection 8 plainly states that, in order for McElroy to require defendant to destroy these documents, McElroy must show that he was "found not guilty."
>
> McElroy does not argue, or cite any authority holding, that a dismissal under MCL 769.4a should be construed as a finding of not guilty within the meaning of MCL 28.243(8). Moreover, MCL 769.4a(5) provides that "[d]ischarge and dismissal under this section shall be *without adjudication of guilt* and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." (Emphasis added.) Thus, because no adjudication of guilt was made pursuant to MCL 769.4a(5), McElroy cannot show that he has been "found not guilty," which he must show to require destruction of the enumerated documents under MCL 28.243(8). [*Id.* at 37-38.]

The *McElroy* Court also noted that retention of the arrest records is necessary to ensure that a person receives only one deferral:

> Our holding that McElroy is not entitled to destruction of the documents is reinforced by MCL 769.4a(1), in which our Legislature made it mandatory for a court, before it permits a deferral or probation under these circumstances, to determine whether a person has already benefited from the procedure available under the statute in favor of a diversionary program. Indeed, that subsection provides that "the court *shall* contact the department of state police and determine whether, according to the records of the department of state police, the accused has previously been convicted . . . or has previously availed himself or herself of this section." (Emphasis added.) Without retention of records by the state police, this requirement would be compromised. [*Id.* at 39 n 5.]

Given the similarities between the deferral schemes in MCL 769.4a and MCL 333.7411(1), the same rationale set forth in *McElroy* applies to the present case. MCL 333.7411(1) expressly states that "dismissal under this section shall be without adjudication of guilt[.]" Therefore, defendants cannot establish that they were "found not guilty," which is required for them to be entitled to the destruction of their fingerprint and arrest cards under MCL 28.243(8). The trial court distinguished *McElroy* on the basis that McElroy pleaded no contest rather than guilty, attributing the *McElroy* result to the no-contest plea, stating "there was never an adjudication of guilt entered [and] [t]herefore he was not entitled to have his fingerprint and arrest cards destroyed." But the *McElroy* holding was not based on the fact that McElroy pleaded no contest. The reason that there was no adjudication of guilt was rooted in the plain language of MCL 769.4a(5), which, like MCL 333.7411, expressly provides that "[d]ischarge

and dismissal under this section shall be without adjudication of guilt[.]" *McElroy, supra* at 38. We conclude that the trial court erred by ruling that defendants, with the successful completion of their probation and the dismissal of the charges against them, were "found not guilty" for purposes of MCL 28.243(8).

Moreover, the trial court's reliance on *Carr v Midland Co Concealed Weapons Licensing Bd* is misplaced. At issue in *Carr* was whether the dismissal of charges against the plaintiff under MCL 333.7411 rendered the plaintiff "convicted of a felony" for purposes of disqualifying her from obtaining a concealed weapons permit under MCL 28.425b(7)(f). This Court held that it did not, because under MCL 333.7411(1), the plaintiff's discharge and dismissal was "not a conviction." *Carr, supra* at 430, 436-438. *Carr* did not hold that the plaintiff was *found* not guilty, only that she was not deemed to have been "convicted of a felony" under the concealed pistol licensing act by virtue of the charge dismissed under MCL 333.7411. *Carr, supra* at 429-430.

Although *Carr* involved the application of MCL 333.7411, *McElroy* is more instructive. *McElroy* involved the destruction of the fingerprint and arrest card under MCL 28.243(3) after the accused fulfilled probation and obtained a dismissal of charges. The issue in the present case and in *McElroy* is whether the accused was "found not guilty," whereas in *Carr* the issue was whether the plaintiff had a felony conviction. In *McElroy*, this Court distinguished *Carr* on the basis of the different "triggering" statutory language:

> . . . McElroy's discharge and dismissal was not an adjudication of guilt, and, as previously discussed, in order to have the documents destroyed under MCL 28.243(8), McElroy must show that he was "found not guilty" of the crime charged. Thus, *Carr* is inapplicable because it addressed statutory language triggered by a conviction, while

the critical statutory language here is triggered by a "finding of not guilty." [*McElroy, supra* at 37 n 2.]

Here, the trial court equated a discharge and dismissal under MCL 333.7411(1) with a finding of not guilty, which triggers the MCL 28.243(8) requirement that the fingerprint and arrest card be destroyed. This was error. MCL 333.7411(1) provides that the defendant benefiting from the provision must first either plead guilty or be found guilty of the relevant offense. Here, each defendant pleaded guilty of possession of less than 25 grams of cocaine but was granted deferral status under MCL 333.7411(1). For individuals enjoying deferral status pursuant to MCL 333.7411(1), such as defendants here, there is no record resolution of whether guilt has been established beyond a reasonable doubt upon the successful completion of the terms of probation. In fact, the predicate determination that the defendant is actually guilty of the charged offense becomes, in essence, a nullity. See *Carr, supra* at 434-435.

The prosecution also addresses the question whether the "nonpublic record of an arrest" that must be retained under MCL 333.7411(2) includes the fingerprint and arrest card. The statute does not specify what items or information must be included in the "record of arrest." The trial court stated that "[d]estroying the fingerprint and arrest cards does not prevent the state police from maintaining a record of the arrest and discharge or dismissal." The prosecution contends that because a person is entitled to only one deferral under MCL 333.7411, and the express purpose of keeping arrest records is to ensure that a person receives only one deferral, identifying information such as fingerprint and arrest cards are a necessary part of the arrest record. See *People v Cooper (After Remand)*, 220 Mich App 368, 375; 559 NW2d 90 (1996) ("arrest record"

used interchangeably with "fingerprints" and "arrest card"). Because the discharge and dismissal does not amount to a finding of not guilty of the charged drug offenses, defendants here cannot show that they have satisfied the condition precedent to the destruction of these records, and the question of what type of documents could satisfy the directive to retain a "nonpublic record of an arrest and discharge or dismissal under this section," MCL 769.4a(6), is moot.

We will state, however, that while we imagine it would be possible for the state police to "retain a nonpublic record of an arrest and discharge or dismissal" that does not include arrest and fingerprint records, we find that action illogical and contrary to public policy. We agree with the reasoning in *McElroy* that maintaining fingerprint and arrest records is important in meeting the directive that a court shall contact the state police to determine if a defendant had previously been given deferral status under MCL 769.4a(1). *McElroy, supra* at 36. Simply maintaining a defendant's name, even with a picture or other subjective description of the individual, but without any other objective identifying information, including a fingerprint card, would not satisfy the express purpose of MCL 333.7411. The express purpose is actual identification so that a person receives only one deferral. Fingerprint and arrest records provide a level of certainty to the identification process. Today's technological world is rife with fraud and identity theft. Moreover, name changes and changes in people's appearance (as a result of advances in medical sciences) are now commonplace. Having the ability to objectively identify a person through fingerprint records is crucial to the clear purpose of MCL 333.7411.

Reversed.