*In re* KLOCEK

Docket No. 292993. Submitted November 4, 2010, at Lansing. Decided November 30, 2010, at 9:05 a.m.

After Brittaney R. Klocek, a juvenile, admitted by plea to a petition charging one count of malicious use of a telecommunications device, that was later dismissed with a warning given to her, Klocek moved the Washtenaw Circuit Court to order the destruction of her fingerprints and arrest card. She asserted that her case was dismissed without trial and therefore the official holding her fingerprints and arrest card was required by law to destroy them. The court, Donald E. Shelton, J., held that because the case had been dismissed, Klocek was entitled to destruction of the documents. The prosecution appealed.

The Court of Appeals *held*:

Under MCL 28.243(8), fingerprints and arrest cards shall be destroyed if (1) the case involves a juvenile who was adjudicated and found not to be within the provisions of MCL 712A.2(a)(1) (i.e., those found not to be within the jurisdiction of the family division of circuit court), or (2) the accused is found not guilty. The dismissal of respondent's case did not constitute a finding of not guilty, and there was no dispute that respondent was a juvenile found to be within the jurisdiction of the family division of the court. Respondent was not entitled to the destruction of her fingerprints and arrest card.

Reversed.

Juvenile Law — Discharge and Dismissal of Juvenile Proceedings — Fingerprint Records — Arrest Records.

Fingerprints and arrest cards shall be destroyed if (1) the case involves a juvenile who was adjudicated and found not to be within the provisions of MCL 712A.2(a)(1) (i.e., those found not to be within the jurisdiction of the family division of circuit court), or (2) the accused is found not guilty; the dismissal of a case does not constitute a finding of not guilty (MCL 28.243[8]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney,

and *David A. King*, Assistant Prosecuting Attorney, for the people.

*Simon & Geherin, PLLC* (by *Joseph A. Simon, Daniel T. Geherin*, and *Carl D. Macpherson*), for respondent.

Before: SAWYER, P.J., and FITZGERALD and SAAD, JJ.

SAAD, J. On June 26, 2009, the trial court issued an order that directed the Michigan State Police to immediately destroy the fingerprints and arrest card of respondent.[1] Petitioner appeals by leave granted and, for the reasons set forth below, we reverse.

I. FACTS AND PROCEEDINGS

On July 13, 2007, a petition was filed charging respondent, a juvenile, with one count of malicious use of a telecommunications device. MCL 750.540e. On August 15, 2007, the court held an adjudication hearing. The lower court docket sheet indicates that respondent "admitted allegation," and the court entered an "order of adjudication." A dispositional hearing was set for December 18, 2007, but the docket sheet indicates that on December 17, the petition was dismissed. Another entry for that date says "warned and dismissed," which apparently refers to MCL 712A.18(1)(a), which permits a court to "[w]arn the juvenile" and "dismiss the petition" in disposing of the case. The order of adjudication, which is on a standard SCAO form, indicates that respondent was "adjudicated by plea" of "AAL." The form does not explain what "AAL" means,

_____

[1] A substitute order was entered on July 8, 2009; respondent represented that it was submitted because the State Court Administrative Office (SCAO) had issued a new form for the order.

though it does say that "A" indicates "admission." On the first page of the order there is a checked box for "A fingerprintable juvenile offense was committed under MCL 28.243 or MCL 28.727," and another checked box for "Fingerprints have been taken." On the second page of the form is a checked box for "Plea taken under Cobbs agreement."[2]

On May 1, 2009, respondent moved for destruction of her fingerprints and arrest card. She filed the motion using SCAO Form MC 235, which incorporates both the motion and the order in a single form. The form contains two choices for the movant: "I was found not guilty of all offense(s) charged in this case . . ." and "my case was dismissed without trial, and the arresting agency and/or Michigan State Police has not destroyed the fingerprints and arrest card as required by law." Respondent checked the box indicating that her case was dismissed without trial. At the hearing on the motion, respondent argued that under MCL 28.243(7), (8) and (9), which govern the destruction of fingerprints and arrest cards, destruction is warranted if the petition is dismissed. Petitioner disagreed and argued that destruction is not authorized if, as here, there is an adjudication of guilt, even if it results in a "warn and dismiss." The trial court ruled that the case cited by the parties, *McElroy v State Police Info Ctr*, 274 Mich App 32; 731 NW2d 138 (2007), is not dispositive and held that, because the case was "dismissed," respondent is entitled to destruction of the documents under the statute.

## II. ANALYSIS

We hold that the trial court erred when it ruled that respondent is entitled to destruction of her fingerprints

---

[2] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

and arrest card.[3] The applicable statute, MCL 28.243(8), provides:

> If a juvenile is adjudicated and found not to be within the provisions of [MCL 712A.2(a)(1)], or if an accused is found not guilty of an offense for which he or she was fingerprinted under this section, upon final disposition of the charge against the accused or juvenile, the fingerprints and arrest card shall be destroyed by the official holding those items and the clerk of the court entering the disposition shall notify the department of any finding of not guilty or not guilty by reason of insanity, dismissal, or nolle prosequi, if it appears that the accused was initially fingerprinted under this section, or of any finding that a juvenile alleged responsible for a juvenile offense is not within the provisions of [MCL 712A.2(a)(1)].

Thus, the statute provides that fingerprints and arrest cards shall be destroyed if (1) the case involves a juvenile who was adjudicated and found not to be within the provisions of MCL 712A.2(a)(1), or (2) the accused is found not guilty.

Although *McElroy* involves factual circumstances slightly different than those here, this Court rejected McElroy's argument, which was essentially the same as the one made by respondent. In *McElroy*, the plaintiff had entered a plea of no contest to domestic violence charges with an agreement that the charges would be dismissed pursuant to MCL 769.4a if he successfully completed probation and a domestic violence program. *McElroy*, 274 Mich App at 33-34. Section 769.4a(5) provided that the discharge and dismissal would be "without adjudication of guilt." *Id.* at 36. The plaintiff completed the requirements for discharge and dismissal, at which point the plea was set aside and the

---

[3] Resolution of this case turns on the interpretation of MCL 28.243(8). Review of the trial court's determination is therefore de novo. *People v Stone*, 463 Mich 558, 561; 621 NW2d 702 (2001).

case dismissed. *Id.* at 34. The plaintiff then sought a writ of mandamus to compel the Michigan State Police Information Center ("MSPIC") to surrender his fingerprint card, arrest card, and description. *Id.* at 35. The MSPIC argued that the plaintiff was not found "not guilty," and that therefore MCL 769.4a(6) required it to keep a nonpublic record. *Id.* Retention of the nonpublic record is required because only one discharge and dismissal is allowed under MCL 769.4a(6) and the nonpublic record serves to establish that there has already been one discharge and dismissal. *Id.* Construing only the second statutory requirement in MCL 28.243(8), the *McElroy* Court held that the statute does not require destruction of the documents following a dismissal; it requires destruction only if the defendant is found not guilty. *Id.* at 37-39. As noted, MCL 769.4a(5) expressly stated that the discharge and dismissal were not an adjudication of guilt.

In this case, the trial court relied on the part of MCL 28.243(8) that provides, "the clerk of the court entering the disposition shall notify the department of any finding of not guilty or not guilty by reason of insanity, *dismissal*, or nolle prosequi." (Emphasis added.) In *McElroy*, this Court addressed that point:

> McElroy's assertion that subsection 8 provides that a dismissal is a *type* of finding of not guilty is essentially a request that this Court read into the statute an interpretation that is not supported by its plain language, and we are bound to deny such requests. See *People v Spann*, 250 Mich App 527, 532; 655 NW2d 251 (2002) (holding that "[n]othing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself").[4]

---

[4] Though subsection 8 requires the clerk to *report* a dismissal to the department, it does not logically follow that the dismissal must require defendant to destroy the

enumerated documents. A plain reading of the statute compels the conclusion that the only duty imposed by subsection 8 following a dismissal is the duty for the clerk to notify the department of the dismissal. [*Id.*, 38.]

This Court concluded that "McElroy cannot establish that he has a clear legal right to have the documents destroyed" because he "has not shown that the discharge and dismissal was a finding of not guilty under MCL 28.243(8)." *Id.* at 36, 38. Pursuant to that ruling, it was erroneous for the trial court in the present case to rely on the use of the word "dismissal."

A similar result obtained in *People v Benjamin*, 283 Mich App 526; 769 NW2d 748 (2009). In *Benjamin*, the three defendants pleaded guilty to possession of less than 25 grams of cocaine. *Id.* at 527. Because it was a first offense, the defendants were allowed to participate in a diversionary program under MCL 333.7411. *Benjamin*, 283 Mich App at 527. Subsection (1) of that statute provides that, after a plea or finding of guilt, the proceedings may be deferred "without entering a judgment of guilt" while the defendant is placed on probation. *Id.* at 530-531. If the probation is successful, the defendant is discharged and the proceedings are dismissed. *Id.*

Following discharge and dismissal in *Benjamin*, the defendants successfully moved for destruction of their fingerprint and arrest records. *Id.* at 527. This Court reversed. *Id.* It noted that MCL 333.7411(2) requires retention of a nonpublic record of the arrest and discharge or dismissal for the purpose of alerting authorities that an offender had already taken advantage of this deferral provision.[4] *Id.* at 531. Moreover, given the

---

[4] Though this Court found the issue moot, it went on to discuss whether the statute required that the nonpublic record include the fingerprint and arrest card. *Id.* at 537. It opined that these records would

similarity between this deferral scheme and that at issue in *McElroy*, the Court in *Benjamin* concluded that *McElroy* controlled. *Id.* at 534-535. The Court rejected the notion that *McElroy* was distinguishable because the plea entered was a no contest plea. *Id.* The Court observed that the no contest plea was not the basis for the determination that there was no finding of guilt in *McElroy*, but rather the express language of MCL 769.4a(5) controlled because it provides that the discharge and dismissal were not an adjudication of guilt. *Id.* Because the pleas of guilty in *Benjamin* were rendered a nullity by the successful diversion, the Court ruled there was no finding as to guilt and, coextensively, no finding of "not guilty." *Id.*

Here, there is no finding that respondent was "not guilty." To the contrary, respondent admitted her guilt. Respondent suggests that the subsequent dismissal nullified this admission. However, even were we to agree, the dismissal did not constitute a finding of "not guilty." Based on the statute, as interpreted by *McElroy* and *Benjamin*, respondent was not entitled to the relief she requested.[5]

*McElroy* and *Benjamin* address only the second criterion for destruction of fingerprint and arrest cards set forth in MCL 28.243(8), i.e., the defendant is found not guilty. By the plain language of MCL 28.243(8), there are two classes of persons who are entitled to destruction of their fingerprints and arrest card: (1) a juvenile who "is adjudicated and found not to be within the provisions of [MCL 712A.2(a)(1)]" (i.e., those found not

---

have to be kept to insure the accuracy of identification for purposes of determining whether a defendant had received a previous deferral. *Id.*

[5] We recognize that certain juvenile dispositions remain public records while certain adult dispositions do not. However, we are bound by the language of the statute at issue and it is up to the Legislature to address whether public policy may warrant a change in the statute.

to be within the jurisdiction of the family division of circuit court); and (2) an accused who "is found not guilty of an offense for which he or she was finger-printed." Here, an adjudication hearing was held at which respondent admitted the allegation against her. The court entered an "order of adjudication," which indicates that she was "adjudicated by plea." On the second page of the order is a checked box for "Plea taken under Cobbs agreement." Thus, respondent was neither a juvenile found not to be within the family court's jurisdiction nor an accused found not guilty. As was the case with *McElroy*, the mere fact that the proceedings against respondent were later dismissed does not entitle her to destruction of her fingerprints and arrest cards.

Reversed.