*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FORFEITURE OF $2,124.

CITY OF GRAND RAPIDS,

        Plaintiff-Appellee,

v

$2,124, IPHONE, and 2016 DODGE,

        Defendants,

and

LIDYA GEBRENGUS,

        Claimant-Appellant.

FOR PUBLICATION
August 11, 2022
9:10 a.m.

No. 357843
Kent Circuit Court
LC No. 21-001243-CF

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

GARRETT, J.

Claimant, Lidya Gebrengus, appeals as of right the trial court's order dismissing plaintiff's complaint for forfeiture of $2,124 in cash, an iPhone, and a vehicle that were seized from Gebrengus, insofar as that order denied her request for costs and attorney fees. The trial court ordered plaintiff to return Gebrengus's property, but determined that plaintiff's complaint was not frivolous. Because the complaint for forfeiture was devoid of arguable legal merit with regard to Gebrengus's vehicle, we remand this case to the trial court with instructions to issue an appropriate award of costs and attorney fees incurred by Gebrengus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2020, the police arrested Gebrengus's boyfriend and others, after a search of their vehicle uncovered multiple handguns and large quantities of controlled substances. Location data from the boyfriend's cell phone indicated that the phone had been at Gebrengus's

-1-

home in the hours before his arrest, and a car key found on the boyfriend's person matched an Audi vehicle located at the Gebrengus's home. During an inventory search of the Audi, the police found cocaine and a digital scale. The police obtained a search warrant for Gebrengus's address and executed the warrant on December 4, 2020. The police found Gebrengus in her car, a 2016 Dodge, and found 0.2 grams of cocaine and a digital scale with cocaine residue inside the vehicle. The police seized the Dodge, seized Gebrengus's iPhone from her person, and seized $2,124 in cash, ammunition, and two more digital scales from inside her residence. Gebrengus told the police that her boyfriend sometimes used her car and stayed at her residence, and that the money, cocaine, and scales were her boyfriend's items.

Gebrengus was originally charged with possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*). On December 28, 2020, she pleaded to a reduced charge of using cocaine, MCL 333.7404, and was sentenced to probation under MCL 333.7411, which discharges the defendant without an adjudication of guilt if the defendant complies with the terms of probation.

On February 9, 2021, plaintiff filed a complaint for forfeiture of the cash, phone, and vehicle seized from Gebrengus, in accordance with MCL 333.7521, asserting in part that the seized property was subject to forfeiture as property used to facilitate violations of the laws regulating controlled substances. Gebrengus moved for summary disposition in April 2021, arguing that the forfeiture statute barred plaintiff from seeking forfeiture of her vehicle, and asked for costs and attorney fees incurred in defending a frivolous complaint.

On June 23, 2021, Gebrengus successfully completed the conditions of her probation, and her plea under MCL 333.7411 was set aside. Plaintiff did not oppose Gebrengus's motion for summary disposition upon her successful discharge from probation, but plaintiff did object to her request for costs and attorney fees. At a hearing on Gebrengus's motion, the trial court granted summary disposition but denied the request for costs and attorney fees. The trial court reasoned that the forfeiture claim was not frivolous because Gebrengus's admissions indicated that she knew that another person had used the seized items for the possession or sale of controlled substances. The court dismissed plaintiff's complaint for forfeiture with prejudice and ordered plaintiff to return all of Gebrengus's seized property. Gebrengus appeals from this order, arguing that the court erred by failing to acknowledge on the record that she was not convicted of a crime, and by concluding that the forfeiture complaint was not frivolous.

## II. STANDARDS OF REVIEW

"A trial court's decision in a forfeiture proceeding will not be overturned unless it is clearly erroneous." *In re Forfeiture of $180,975*, 478 Mich 444, 450; 734 NW2d 489 (2007). Clear error exists where, although there is evidence to support the trial court's finding, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*. Further, we review a trial court's decision regarding an award of costs and attorney fees for an abuse of discretion. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). An abuse of discretion occurs when the trial court's decision falls "outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). We review a trial court's ruling on the frivolity of a claim for clear error. *In re Attorney Fees and Costs*, 233 Mich App 694, 701; 593 NW2d 589 (1999).

## III. FORFEITURE PROCEEDINGS

Forfeiture proceedings are in rem civil proceedings, *In re Forfeiture of $25,505*, 220 Mich App 572, 574; 560 NW2d 341 (1996), which "must be instituted promptly" after the property at issue is seized, MCL 333.7523(1). The government bears the burden of proving its claim for forfeiture by clear and convincing evidence. MCL 333.7521(2).

Here, the complaint for forfeiture stated that Gebrengus's property was seized in accordance with MCL 333.7522(c) and (d), which provide:

> Property that is subject to forfeiture under this article or pursuant to [MCL 333.7521] may be seized upon process issued by the circuit court having jurisdiction over the property. Seizure without process may be made under any of the following circumstances:
>
> * * *
>
> (c) There is probable cause to believe that the property is directly or indirectly dangerous to health or safety.
>
> (d) There is probable cause to believe that the property was used or is intended to be used in violation of this article . . . .

MCL 333.7521 identifies property subject to forfeiture, including " '[a]ny thing of value that is furnished or intended to be furnished in exchange for a controlled substance, . . . that is traceable to an exchange for a controlled substance, . . . or that is used or intended to be used to facilitate any violation of [the controlled substances act].' " *In re Forfeiture of $25,505*, 220 Mich App at 574 (second alteration in original), quoting MCL 333.7521(1)(f). This statute requires a "substantial connection between the property and the criminal activity." *In re Forfeiture of 301 Cass Street*, 194 Mich App 381, 384; 487 NW2d 795 (1992).

Further, MCL 333.7521a(1) states that seized property is not subject to forfeiture under MCL 333.7521 "unless a criminal proceeding involving or relating to the property has been completed and the defendant pleads guilty to or is convicted of a violation of this article."[1] In this case, Gebrengus pleaded to a charge of using narcotics, MCL 333.7404, and was adjudicated under MCL 333.7411.[2] This Court, in *People v Benjamin*, 283 Mich App 526, 530; 769 NW2d 748 (2009), explained how MCL 333.7411 operates:

---

[1] "This article" refers to the controlled substances article, Article 7, of the Public Health Code, MCL 333.1101 *et seq.*, which provides criminal penalties for the manufacture, delivery, possession, and use of controlled substances, see MCL 333.7401 through MCL 333.7404.

[2] MCL 333.7411(1) provides:

> When an individual who has not previously been convicted of an offense under this article . . . pleads guilty to or is found guilty of . . . use of a controlled

In deferral proceedings under MCL 333.7411(1), an individual either pleads guilty or is found guilty of certain controlled substance offenses. The trial court does not adjudicate guilt when the plea is tendered. Instead, the trial court defers proceedings and places the individual on probation. If the individual complies with the terms of probation, the trial court discharges the individual without an adjudication of guilt and dismisses the proceedings. If the individual fails to fulfill the terms of probation, the trial court enters an adjudication of guilt.

In effect, this statute renders the tendered plea "a nullity if the defendant does successfully take advantage of the second chance." *Carr v Midland Co Concealed Weapons Licensing Bd*, 259 Mich App 428, 435; 674 NW2d 709 (2003).

## A. CONVICTION REQUIREMENT

Gebrengus initially argues that the trial court erred by granting her motion for summary disposition without finding that she was not convicted of a crime. The trial court acknowledged that Gebrengus had been on probation under MCL 333.7411, and that the complaint for forfeiture was filed in case she did not successfully complete probation and thus was convicted of using narcotics. Plaintiff did not oppose summary disposition because it accurately recognized that there was a "statutory bar" to forfeiture that applied "when defendant successfully completes all terms of probation and is successfully discharged pursuant to [MCL 333.7411]." The trial court dismissed plaintiff's complaint for forfeiture of Gebrengus's property, and explained that it "grant[ed] your motion because the People don't oppose it." Contrary to Gebrengus's argument, however, the trial court also stated at the motion hearing that Gebrengus "wasn't, in fact, convicted." Accordingly, this argument lacks merit.[3]

## B. FRIVOLOUS FILING

---

substance under section 7404, . . . the court, without entering a judgment of guilt with the consent of the accused, may defer further proceedings and place the individual on probation . . . . Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and, except as otherwise provided by law, is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime . . . ."

[3] Gebrengus also acknowledges that she "does not specify what relief is warranted for the alleged error." We generally do not address "moot questions or declare legal principles that have no practical effect in a case." *In re Pollack Trust*, 309 Mich App 125, 154; 867 NW2d 884 (2015). Thus, not only is Gebrengus's argument mistaken factually, the argument is also moot because a decision on appeal would not have any legal effect on the existing controversy.

Gebrengus next argues that the trial court erred by denying her motion for costs and attorney fees incurred in contesting plaintiff's complaint for the forfeiture of her vehicle because the complaint was frivolous.

MCL 600.2591(1) entitles a party to recover costs and attorney fees for a frivolous action:

> Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

MCL 600.2591(3)(a) in turn provides as follows:

> "Frivolous" means that at least 1 of the following conditions is met:
>
> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.

Whether a claim is frivolous "depends on the facts of the case." *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002). The question whether a claim is frivolous is evaluated at the time the claim was raised. *In re Costs and Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002).

In this case, Gebrengus argues that plaintiff's complaint for forfeiture of her vehicle was frivolous because it was devoid of arguable legal merit. She contends that because she pleaded to using cocaine under MCL 333.7404, her vehicle was statutorily exempt from forfeiture, yet plaintiff moved forward with its forfeiture complaint after her plea.[4]

MCL 333.7521(1)(d) provides that a conveyance, including a vehicle, is subject to forfeiture when it is "used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a) or (b)," which includes controlled substances and equipment to deliver controlled substances. But MCL 333.7521(1)(d)(*iii*) provides that "[a] conveyance is not subject to forfeiture for a violation" of certain sections, including MCL 333.7404.

As noted, Gebrengus had offered a plea in connection with MCL 333.7404, with MCL 333.7411(1) deferral, so that if she had not successfully completed probation, she would have been convicted of, and sentenced for, that violation. Even so, with or without a conviction, according

---

[4] Gebrengus does not argue that it was frivolous to include the cash and iPhone that were listed in the complaint for forfeiture.

to MCL 333.7521(1)(d)(*iii*), a violation of MCL 333.7404 did not subject her vehicle to forfeiture. Because Gebrengus offered a plea in connection with MCL 333.7404, and entered probation over five weeks before plaintiff filed the complaint for forfeiture of her vehicle, plaintiff was issuing a demand that was then wholly without legal support, and that would have remained so even if Gebrengus had later violated probation and ended up convicted under MCL 333.7404.

Plaintiff notes that Gebrengus was originally charged with possession of less than 25 grams of cocaine in violation of MCL 333.7403(2)(a)(*v*), and argues that, despite her pleading to a lesser charge, her conduct nonetheless constituted a *violation* of the possession statute and her vehicle was subject to forfeiture under this theory. Plaintiff's argument is unpersuasive. Although MCL 333.7521a(1) states that "property may be seized . . . for a *violation* of this article," that section goes on to state that property "is not subject to forfeiture . . . unless a criminal proceeding involving or relating to the property has been completed and the defendant *pleads guilty to or is convicted of a violation of this article*." MCL 333.7521a(1) (emphasis added). The only possible guilty plea or conviction at the time that plaintiff filed the forfeiture complaint was under MCL 333.7404, which, as discussed, did not subject Gebrengus's vehicle to forfeiture. See MCL 333.7521(1)(d)(*iii*). Thus, we are left with a definite and firm conviction that at the time plaintiff filed the forfeiture complaint, the complaint lacked arguable legal merit to justify the forfeiture of Gebrengus's vehicle. Accordingly, the trial court clearly erred by finding that the claim was not frivolous, and Gebrengus is entitled to costs and attorney fees incurred defending against the complaint. See MCL 600.2591(1).

We remand this case to the trial court with instructions to award Gebrengus with her costs and attorney fees incurred in connection with this action. We do not retain jurisdiction.


/s/ Kristina Robinson Garrett
/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause