PEOPLE v PIGULA

Docket No. 142639. Submitted September 9, 1993, at Lansing. Decided
    October 18, 1993, at 9:05 A.M.

Christopher M. Pigula was charged in the Oakland Circuit Court
    with first- and second-degree criminal sexual conduct against a
    minor. The charges were dismissed in November 1990. In June
    1991, the defendant brought a motion for the return of the
    fingerprints, arrest card, and photographs generated in connec-
    tion with his arrest regarding the charges. The court, Steven N.
    Andrews, J., denied the motion, noting that MCL 28.243(9)(a);
    MSA 4.463(9)(a) prohibited the return of the arrest records. The
    defendant appealed.

The Court of Appeals *held:*

The defendant does not have the right to the return of the
    arrest records relating to the dismissed criminal sexual conduct
    charges.

1. The statute applicable at the time of the defendant's
    motion, MCL 28.243(9)(a); MSA 4.463(9)(a), unlike the former
    version of the statute cited by the defendant, MCL 28.243(6)(b);
    MSA 4.463(6)(b), does not allow the order sought by the defen-
    dant.

2. The defendant's argument that the circuit court had
    discretion via ancillary jurisdiction to order the return of the
    arrest records and that the Legislature cannot limit the court's
    authority to do so is without merit.

3. MCL 28.243(9)(a); MSA 4.463(9)(a) does not violate the
    defendant's right to privacy. There is no right to privacy with
    regard to arrest records where the arrest was made properly.

Affirmed.

1. RAPE — CRIMINAL SEXUAL CONDUCT — ARREST RECORDS — RETURN
    OF RECORDS — DISMISSED CHARGES.

A defendant does not have the right to the return of the finger-

REFERENCES

Am Jur 2d, Criminal Law §§ 1020, 1021; Privacy §§ 117, 206.

Right of exonerated arrestee to have fingerprints, photographs, or
    other criminal identification or arrest records expunged or re-
    stricted. 46 ALR3d 900.

prints, arrest card, and photographs generated in connection with the defendant's arrest for criminal sexual conduct in any degree where the charges have been dismissed; a court may not order the return of the defendant's arrest record in such a situation (MCL 28.243[9][a]; MSA 4.463[9][a]).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO PRIVACY — ARREST RECORDS.

There is no right to privacy with regard to arrest records where the arrest was made properly.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Anica Letica,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for the defendant.

Before: WEAVER, P.J., and SHEPHERD and R. B. BURNS,* JJ.

SHEPHERD, J. Defendant, Christopher Michael Pigula, appeals as of right from a July 1, 1991, order denying his motion for the return of fingerprints, an arrest card, and photographs that were generated in connection with his arrest on charges of first- and second-degree criminal sexual conduct (CSC) against a minor, MCL 750.520b; MSA 28.788(2) and MCL 750.520c; MSA 28.788(3). Those charges were dismissed before the defendant filed his motion. However, we disagree with defendant's position that he is entitled to have his arrest records returned.

The applicable statute, MCL 28.243; MSA 4.463, at the time of defendant's motion provided in relevant part as follows:

(4) [I]f a person arrested for having committed a

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

felony or a misdemeanor is released without a charge made against him or her, the official taking or holding the person's fingerprints, arrest card, and description shall immediately return this information to the person without the necessity of a request. If this information is not returned, the person shall have the absolute right to demand and receive its return at any time after the person's release and without need to petition for court action.

\* \* \*

(9) The provisions of this section requiring the return of the fingerprints, arrest card, and description shall not apply in the following cases:

(a) The person arrested was charged with the commission or attempted commission . . . of a crime with or against a child under 16 years of age or the crime of criminal sexual conduct in any degree, rape, sodomy, gross indecency, indecent liberties, or child abusive commercial activities.

(b) The person arrested has a prior conviction other than a misdemeanor traffic offense, unless a judge of a court of record, except the probate court, by express order entered on the record, orders the return.

First, defendant argues that the statutory language allows the return of arrest records following the dismissal of a CSC case upon court order. However, in support of this proposition, defendant cites a former version of MCL 28.243; MSA 4.463, which, from December 22, 1978, to June 1, 1987, provided in relevant part as follows:

(6) The provisions of this section requiring the return of the fingerprints, arrest card, and description shall not apply in any of the following instances unless a judge of a court of record, except the probate court, by express order entered of record, orders the return:

(a) Where the person arrested has a prior conviction, except a misdemeanor traffic offense.

(b) Where the person arrested was charged with the commission or attempted commission, with or against a child under 16 years of age, or the crime of criminal sexual conduct in any degree, rape, sodomy, gross indecency, or indecent liberties.

We note significant differences between the language used in the former and current versions of the relevant statute.

Reviewing the clear language of the current statute, *Police Officers Ass'n of Michigan v Lake Co,* 183 Mich App 558, 563; 455 NW2d 375 (1990), the statute does not require the automatic return of arrest records upon the dismissal of charges where the arrest was for a charge of csc. Further, because there is no longer a provision allowing for a court order for the return of arrest records concerning csc offenders, see subparagraph 9(a), but there is such a provision under subparagraph 9(b) concerning repeat offenders, we must take that as an indication of the Legislature's intent that there be no right to the return of arrest records with regard to a dismissed csc charge. We will presume that the change in the statutory phrase reflects a change in meaning. *In re Childress Trust,* 194 Mich App 319, 326; 486 NW2d 141 (1992).

In addition, our interpretation is supported by the common grammatical rule of construction that a modifying clause will be construed to modify only the last antecedent unless something in the subject matter or dominant purpose requires a different interpretation. *Rios v Dep't of State Police,* 188 Mich App 166, 169; 469 NW2d 71 (1991). We can discern nothing from the subject matter or dominant purpose that would require a different interpretation. Thus, the phrase "unless a judge of a court of record, except the probate court, by

express order entered on the record, orders the return" found in subparagraph 9(b) only applies to that subparagraph concerning repeat offenders, and does not also relate to subparagraph 9(a) concerning csc offenders. We also note that the two subparagraphs are separated by a period at the end of subparagraph 9(a), rather than some type of conjunctive punctuation. Thus, defendant's argument that he is entitled to a court order to ensure the return of his arrest records is not supported by the language of the current statute.

Next, defendant argues that the circuit court had discretion via ancillary jurisdiction to order the return of the arrest records and that the Legislature cannot limit the circuit court's authority to do so. However, MCL 28.243(9); MSA 4.463(9) does not restrict the circuit court's authority, but, rather, restricts the authority of police officials concerning the return of arrest records in certain types of cases. The circuit courts continue to have jurisdiction to enforce MCL 28.243(9); MSA 4.463(9) as we have interpreted it. Thus, this issue is also without merit.

Finally, defendant argues that MCL 28.243(9); MSA 4.463(9) violates his right to privacy. However, the Michigan and United States Supreme Courts have held that there is no right of privacy with regard to arrest records where the arrest was made properly. *Miller v Gillespie,* 196 Mich 423, 428; 163 NW 22 (1917); *Paul v Davis,* 424 US 693, 713; 96 S Ct 1155; 47 L Ed 2d 405 (1976).

We affirm the ruling of the trial court.