PEOPLE v COOPER (AFTER REMAND)

Docket No. 187547. Submitted March 19, 1996, at Lansing. Decided
December 6, 1996, at 9:10 A.M. Leave to appeal sought.

Clyde M. Cooper was acquitted of second-degree criminal sexual con-
duct following a jury trial in the Macomb Circuit Court. The court,
Mary A. Chrzanowski, J., on motion by the defendant, ordered the
Department of State Police and the police department that arrested
the defendant to return the defendant's fingerprint cards, arrest
card, and description, ruling that MCL 28.243(9); MSA 4.463(9),
which prohibits the return of such records for those acquitted of
criminal sexual conduct and certain other offenses, violates the
constitutional right to privacy. The court did not decide the defend-
ant's claim that the statute violates equal protection. On appeal by
the prosecution, the Court of Appeals, SAWYER, P.J., and FITZGERALD
and T. S. EVELAND, JJ., in an unpublished opinion per curiam, issued
December 1, 1994 (Docket No. 163995), held that the statute does
not violate the right of privacy and remanded the case to the trial
court for a decision whether the statute violates equal protection.
The trial court determined that the statute does violate equal pro-
tection. The prosecution appealed.

After remand, the Court of Appeals held:

1. The classification created by MCL 28.243(9); MSA 4.463(9) in
denying the return of fingerprint and arrest records to those acquit-
ted of criminal sexual conduct but permitting the return of those
documents to those acquitted of other serious crimes has a rational
basis. The state has a legitimate interest in implementing a criminal
identification and record system to facilitate investigation and pros-
ecution of criminal sexual conduct offenses, which are difficult to
detect, investigate, and prosecute because of the victims' ages, rela-
tions to offenders, fear, embarrassment, or shame and because the
victims are often the only witnesses.

2. Further justification for refusing to return the arrest records of
those acquitted of criminal sexual conduct is provided by MRE
404(b), which, under certain circumstances, makes evidence of
prior sexual assaults admissible as evidence of prior bad acts.

3. The defendant's right to a presumption of innocence is not
infringed by the state's retention of his fingerprint and arrest cards

because fingerprints are a matter of identification, not incrimination.

Reversed.

CRIMINAL LAW — FINGERPRINT AND ARREST RECORDS — CRIMINAL SEXUAL CONDUCT — CONSTITUTIONAL LAW — EQUAL PROTECTION.

The classification created by the statute under which the fingerprint and arrest records of those acquitted of criminal sexual conduct may not be returned to such persons while the fingerprint and arrest records of those acquitted of other serious crimes may be returned to such persons does not violate equal protection; the classification has a rational basis related to the state's interest in facilitating the investigation and prosecution of criminal sexual conduct (US Const, Am XIV; Const 1963, art 1, § 2).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Carl J. Marlinga*, Prosecuting Attorney, and *Laura Z. Sullivan*, Assistant Prosecuting Attorney, for the people.

*Gerard T. Gilboe*, for the defendant.

AFTER REMAND

Before: HOLBROOK, JR., P.J., and TAYLOR and W. J. NYKAMP,* JJ.

PER CURIAM. The issue presented on appeal is whether MCL 28.243(9)(a); MSA 4.463(9)(a) violates the Equal Protection Clauses of the United States Constitution and the Michigan Constitution by precluding a person who is acquitted of criminal sexual conduct charges from obtaining the return of the person's fingerprint cards, arrest card, and description from the state police and the arresting police agency. In *People v Pigula*, 202 Mich App 87, 91; 507 NW2d 810 (1993), this Court rejected a claim that the challenged statute violated a right to privacy. We now

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conclude that the statute does not violate equal protection, and we reverse the trial court's contrary holding.

I

Defendant was tried on a charge of second-degree criminal sexual conduct, MCL 750.520c(1)(f); MSA 28.788(3)(1)(f) (victim at least thirteen, but less than sixteen, and actor causes personal injury to victim and force or coercion is used to accomplish the sexual contact), and acquitted by a jury. Thereafter, he moved for the return of his fingerprint cards, arrest card, and description from the state police and the arresting police agency. The circuit court entered an order compelling the return of these documents. The Attorney General's Office subsequently advised the circuit court that the order could not be processed pursuant to MCL 28.243; MSA 4.463 because an exemption is provided under subsection 9(a) of the statute for persons who are charged with criminal sexual conduct, as was defendant. Following a hearing, the successor circuit judge set aside the order compelling return of the documents.

Defendant moved for a rehearing, arguing that the statute was unconstitutional because it violated his right to privacy and to equal protection of the law. The circuit court thereafter held that subsection 9(a) was unconstitutional because it violated defendant's right of privacy (without addressing the equal protection claim) and entered an order compelling the arresting police agency to return defendant's fingerprint cards, arrest card, and description. The prosecutor appealed as of right, and this Court reversed, holding:

MCL 28.243(9); MSA 4.463(9) is not unconstitutional and does not violate a defendant's right to privacy. *People v Pigula*, 202 Mich App 87, 91; 507 NW2d 810 (1993). However, because the trial court based its holding of unconstitutionality on the right of privacy, it did not address defendant's alternative ground that the statute violated his right to equal protection. A statute may be constitutional on one ground, but unconstitutional on another. *People v Hobbins*, 205 Mich App 194; 518 NW2d 487 (1994) [modified on other grounds 447 Mich 436; 527 NW2d 714 (1994)]. Therefore, we remand to the trial court for consideration of defendant's argument that MCL 28.243(9); MSA 4.463(9) violates a defendant's right to equal protection. [*People v Cooper*, unpublished opinion per curiam of the Court of Appeals, issued December 1, 1994 (Docket No. 163995).]

On remand, the circuit court held that MCL 28.243(9)(a); MSA 4.463(9)(a) violated defendant's right to equal protection because no rational basis existed to prohibit persons who have been acquitted of criminal sexual conduct from obtaining their arrest records. The prosecutor again appeals to this Court.

II

MCL 28.243; MSA 4.463 implements a system of identification and recording for law enforcement by authorizing law enforcement officials to take an accused person's fingerprints and to forward those fingerprints to the Department of State Police. The statute further provides, in pertinent part:

(5) If . . . an accused is found not guilty of the offense, the arrest card, the fingerprints, and description shall be returned to him or her by the official holding this information. . . .

*       *       *

(9) The provisions of this section requiring the return of the fingerprints, arrest card, and description shall not apply in the following cases:

(a) The person arrested was charged with the commission or attempted commission . . . of a crime with or against a child under 16 years of age or the crime of criminal sexual conduct in any degree, rape, sodomy, gross indecency, indecent liberties, or child abusive commercial activities.

(b) The person arrested has a prior conviction other than a misdemeanor traffic offense, unless a judge of a court of record, except the probate court, by express order entered on the record, orders the return.

Both the federal and the state constitutions guarantee equal protection. US Const, Am XIV, § 1 ("nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws"); Const 1963, art 1, § 2 ("[n]o person shall be denied equal protection of the laws"). Both constitutions afford similar protection. *Frame v Nehls*, 452 Mich 171, 183; 550 NW2d 739 (1996); *Doe v Dep't of Social Services*, 439 Mich 650, 670-671; 487 NW2d 166 (1992). We review the trial court's ruling de novo. *People v Conner*, 209 Mich App 419, 423; 531 NW2d 734 (1995).

Legislative classifications that do not implicate a fundamental right or target a suspect class are presumed constitutional if they have a rational basis, and one who challenges such a statute must carry the burden of showing that it bears no rational relation to some independent and legitimate legislative end, but is essentially arbitrary. *People v Fields*, 448 Mich 58; 528 NW2d 176 (1995); *Vargo v Sauer*, 215 Mich App 389, 394-395; 547 NW2d 40 (1996). In the ordinary case, a statute will be sustained if it can be said to advance a legitimate government interest, even if the

law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous. *St Louis v Michigan Underground Storage Tank Financial Assurance Policy Bd*, 215 Mich App 69, 73; 544 NW2d 705 (1996). A legislative classification will not be set aside if any set of facts reasonably may be conceived to justify it. *Id.*

Defendant contends that there is no rational basis for denying under MCL 28.243(9)(a); MSA 4.463(9)(a) the return of fingerprint cards and arrest records to persons acquitted of criminal sexual conduct charges while permitting the return of those documents to those acquitted of other serious crimes such as murder, armed robbery, or a controlled substance offense. We disagree. The rational basis test requires us to determine if a set of facts can reasonably be conceived to justify refusal to return arrest records of persons acquitted of sex crimes. *St Louis, supra.*[1]

---

[1] The prosecutor posits as justification for the statute a situation where a child is sexually assaulted by an assailant using a peculiar method of attack and

the police obtain samples of the defendant's blood, which are successfully matched to samples obtained from the rape kit specimens through DNA testing; however, the court excludes the DNA match because the samples used for the comparison were taken from the defendant without a search warrant. Although the victim identifies the defendant at trial, the defendant's mother also provides a convincing alibi defense. The jury finds the mother more credible than the victim and acquits the defendant. A year later a similar assault takes place in the same neighborhood under the same peculiar facts, but this time the victim cannot describe the assailant. The detectives recall the earlier case and its similarity. They review their records to obtain the suspect's name and address. This time blood is validly obtained from the suspect and compared to the recent rape kit and conviction is obtained. Because the data from the previous incident were preserved, despite acquittal, the police are able to efficiently identify a possible suspect and take appropriate action.

Criminal sexual conduct offenses—committed against children as well as adults—are particularly difficult to detect, investigate, and prosecute. See, e.g., *Panel discussion: Men, women and rape*, 63 Fordham L R 125 (1994) (examining the "unique historical, sociological, and psychological aspects of rape"). Historically, such offenses have been underreported because of various lamentable factors, including, but not limited to, the victim being related to the offender, the victim's age, or the victim's feelings of fear, embarrassment, or shame. *Panel discussion, supra* at 134-137. See also *People v Petrella*, 424 Mich 221, 263-268; 380 NW2d 11 (1985) (examining the psychological reactions of rape victims). Once reported, criminal sexual conduct offenses are more difficult to prosecute than other serious crimes because they are generally committed under a shroud of secrecy, leaving the victim as the only significant witness to the offense. See, e.g., *Pennsylvania v Ritchie*, 480 US 39, 60; 107 S Ct 989; 94 L Ed 2d 40 (1987). Moreover, empirical evidence indicates that sex offenders are generally recidivists. *Panel discussion, supra* at 135. Because of these unique characteristics, the state has a legitimate interest in implementing a criminal identification and record system to facilitate law enforcement investigation and prosecution of criminal sexual conduct offenses.[2]

---

[2] Subsection 9(a) of the statute dovetails with § 7, which requires law enforcement officials to make reports regarding persons accused of "sexually motivated crimes" (including the ultimate disposition of those cases) and to file these reports with the Department of State Police. The reports are to be maintained by the department "in a separate confidential filing system." MCL 28.247; MSA 4.467(1). The Attorney General has previously opined that a person acquitted of a sexually motivated offense is not entitled to return of this report. OAG 1956, No. 2,833, p 795 (December 29, 1956).

We also note that, under certain circumstances, evidence of prior sexual assaults that have resulted in acquittal may be admissible as prior bad acts evidence in subsequent sexual assault prosecutions under MRE 404(b). See *People v Gibson*, 219 Mich App 530; 557 NW2d 141 (1996). This is another fact that justifies the refusal to return arrest records to persons acquitted of sex crimes.

Finally, defendant's right to be presumed innocent until proved guilty is not infringed where the state maintains his fingerprint and arrest cards in a criminal identification system. Fingerprints are a matter of identification, not incrimination. *People v Davis*, 89 Mich App 588, 592; 280 NW2d 604 (1979).

In sum, defendant has failed to satisfy his heavy burden of establishing that the separate classification of persons acquitted of criminal sexual conduct offenses bears no rational relation to the legitimate state interest of facilitating the investigation and prosecution of such offenses. Accordingly, we hold that MCL 28.243(9)(a); MSA 4.463(9)(a) does not violate the Equal Protection Clauses of the United States and Michigan Constitutions.

Reversed.

HOLBROOK, JR., P.J., I concur in the result only.