# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JOHN PHILLIP GUTHRIE III,

        Defendant-Appellee.

FOR PUBLICATION
September 22, 2016
9:05 a.m.

No. 327385
Wayne Circuit Court
LC No. 15-000986-AR

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

RIORDAN, J.

The prosecution appeals by leave granted[1] the circuit court order reversing the district court order that denied defendant's motion for destruction of his arrest records and biometric data.[2] We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

On October 28, 2014, defendant was charged with two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (person under 13 years of age). The following day, he was arraigned in district court. In December 2014, after a preliminary examination was held, the prosecution requested entry of an order of *nolle prosequi*,[3] which the district court granted.

---

[1] *People v Guthrie III*, unpublished order of the Court of Appeals, entered October 27, 2015 (Docket No. 327385).

[2] Under the current version of MCL 28.241a, "biometric data" includes fingerprint and palm print images. MCL 28.241a(b).

[3] "*Nolle prosequi*" is defined as "[a] legal notice that a lawsuit or prosecution has been abandoned," or "[a] docket entry showing that the plaintiff or the prosecution has abandoned the action." *Black's Law Dictionary* (10th ed). In Michigan, it usually constitutes "a dismissal without prejudice which does not preclude initiation of a subsequent prosecution." *People v Reagan*, 395 Mich 306, 317; 235 NW2d 581 (1975); *People v McCartney*, 72 Mich App 580, 585; 250 NW2d 135 (1976). See also MCL 767.29 (providing limitations on a prosecution's right to enter a *nolle prosequi* upon an indictment in Michigan).

In January 2015, defendant filed a motion in the district court requesting destruction of his fingerprints and the return of his arrest card, arguing that MCL 28.243(8) required destruction of his fingerprints and arrest records because an order of *nolle prosequi* had been entered. Although he acknowledged that MCL 28.243(12) contains an exception to the destruction requirement for crimes involving criminal sexual conduct, defendant noted language in a former version of the statute which stated that the exception only applies to defendants who were "arraigned in circuit court or the family division of circuit court." Thus, because he was never arraigned in circuit court, defendant argued that he was entitled to destruction of his arrest card and fingerprints.

In response, the prosecution argued that defendant's motion should be denied in light of a 2012 amendment to MCL 28.243(12), which deleted the phrase "in circuit court or the family division of circuit court." Because the current version of MCL 28.243(12) only states that the destruction requirement does not "apply to a person who was arraigned for any of the following," and defendant was arraigned in district court on October 29, 2014, the prosecution contended that he was not entitled to the destruction of his records. In his reply, defendant urged that the district court must read MCL 28.243 in its entirety in order to properly determine the Legislature's intent, arguing that the prosecution's position was inconsistent with other provisions of the statute.

Following a hearing, the district court denied defendant's motion for destruction of his arrest records and fingerprints, reasoning that it did not have discretion to grant such a motion as a result of the 2012 amendment to the statute.

In February 2015, defendant appealed the district court's order to the Wayne Circuit Court. In his brief on appeal, defendant contended that the district court abused its discretion when it ruled that it was without discretion to order destruction of his arrest card and biometric data. He asserted, *inter alia*, that even though MCL 28.243(12) states that the provisions in MCL 28.243(8) requiring destruction do not apply to defendants who were arraigned for certain crimes, the statute does not state that a court is without discretion to order destruction of those documents in the interest of justice. Thus, he argued that while law enforcement may not be required by statute to destroy biometric data and arrest card once a defendant has been arraigned in district court, the statute does nothing to limit or prohibit a court from so ordering. In response, the prosecution again emphasized that MCL 28.243(12) states that the requirement to destroy arrest records and biometric data is inapplicable to certain enumerated offenses. It argued that if the Department of State Police fails to carry out its legal duty, a defendant may file an action for mandamus in circuit court. As such, the prosecution reasoned that defendant improperly filed a motion for the destruction of his biometric data and arrest records in the district court. Nevertheless, it concluded that defendant was not entitled to destruction of his arrest records and biometric data.

During the hearing on defendant's appeal, the circuit court ruled that it did, in fact, have jurisdiction to rule on the destruction of defendant's arrest card and biometric data and that a mandamus action was not required. Ultimately, it granted defendant's motion, hypothesizing that the Legislature's deletion of the phrase "arraignment in circuit court" was most likely the result of "just some stocker trying to clear up language." Likewise, relying heavily on its examination of committee reports and bill analyses related to the 2012 amendment of the statute,

the court speculated that the Legislature only intended to change the word "fingerprinting" to "biometric data" and to require the collection of biometric data at the point of arrest rather than at the point of conviction, such that defendant was entitled to the destruction that he requested.

## II. STANDARD OF REVIEW

This appeal raises issues of first impression concerning the proper application of MCL 28.243(12). "Statutory interpretation presents a question of law, which this Court reviews de novo." *People v Droog*, 282 Mich App 68, 70; 761 NW2d 822 (2009).

## III. ANALYSIS

## A. MANDAMUS

The prosecution first argues that defendant's appeal from the district court to the circuit court regarding the destruction of his arrest card and biometric data was improper. It contends that defendant was required to file a mandamus action against the Michigan State Police seeking destruction of that documentation. We disagree.

While this Court has considered at least one appeal from a trial court's entry of a writ of mandamus concerning the return or destruction of fingerprints and arrest cards, see *McElroy v Michigan State Police Criminal Justice Info Ctr*, 274 Mich App 32, 33-35, 38-39; 731 NW2d 138 (2007), it also has considered appeals from court orders granting or denying a defendant's motion for the return or destruction of this documentation, see, e.g., *In re Klocek*, 291 Mich App 9, 10; 805 NW2d 213 (2010); *People v Benjamin*, 283 Mich App 526, 527-529; 769 NW2d 748 (2009) (holding that the defendants who were granted deferral status and probation were not entitled to destruction of their fingerprints and arrest cards); *People v Cooper*, 220 Mich App 368, 370-371; 559 NW2d 90 (1996) (interpreting a prior version of MCL 28.243); *People v Pigula*, 202 Mich App 87, 88; 507 NW2d 810 (1993). It is clear from these cases that the courts of this state routinely recognize a defendant's ability to file a motion in a criminal case for the return or destruction of biometric data and arrest cards pursuant to MCL 28.243.[4]

---

[4] Such a conclusion is consistent with the fact that the State Court Administrative Office has approved court forms that specifically pertain to these motions.

Form MC 235 clearly reflects the fact that such a motion may be filed in criminal cases and includes boxes specifically indicating that the motion may be filed in district or circuit court. Michigan SCAO-Approved Form MC 235 (3/09), Motion for Destruction of Fingerprints and Arrest Card. See also *McElroy*, 274 Mich App at 34-35 (referencing the defendant's filing of Form MC 235 when he moved for return of his fingerprints and arrest-related documents in his criminal case, which gave rise to the subsequent action for a writ of mandamus at issue in that appeal). The form states, "This form is for use when the arresting agency or the Michigan State Police has failed to destroy the fingerprints and arrest card as required by law or when the Michigan State Police has not destroyed the fingerprints and arrest card because the defendant has had a prior conviction as stated in MCL 28.243(12)(h). This form is not for use in

Moreover, MCR 3.936 expressly states that, under certain circumstances, if a juvenile defendant's arrest card and biometric data are not destroyed in accordance with MCL 28.243(7) and (8), "the court, *on motion filed pursuant to MCL 28.243(8)*, shall issue an order directing the Department of State Police, or other official holding the information, to destroy the fingerprints and arrest card[.]" MCR 3.936(D) (emphasis added). See also *In re Klocek*, 291 Mich App at 10-11. While MCR 3.936 applies to juvenile proceedings, it clearly recognizes that a motion for the destruction of biometric data or an arrest card may be filed pursuant to MCL 28.243(8) and demonstrates the authority of a court to require destruction of arrest cards and biometric data in cases other than actions for mandamus relief. Likewise, MCL 28.243(12)(h)—in stating that MCL 28.243(8) does not apply to an individual "who has a prior conviction, other than a misdemeanor traffic offense"—specifically contemplates the authority of "a court of record, except the probate court," to "order[] the destruction or return of the biometric data and arrest card" in those cases. In *Pigula*, 202 Mich App at 91, we also stated, in the context of interpreting a former version of MCL 28.243, that "[t]he circuit courts continue to have jurisdiction to enforce" the provision of the statute stating that the return of fingerprints and arrest cards shall not apply in specified cases.

Finally, we have held that "[t]he general rule is that a writ of mandamus is not to be issued where the plaintiff can appeal the error." *Keaton v Village of Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993). Here, after the district court denied defendant's motion for destruction of his arrest card and fingerprints, defendant had the right to appeal the district court's decision to the circuit court. Defendant subsequently exercised this right, at which time the prosecution raised its mandamus argument for the first time.

---

conjunction with setting aside an adjudication pursuant to MCL 712A.18e or setting aside a conviction pursuant to MCL 780.621." SCAO-Approved Form MC 235 (3/09).

Similarly, Form MC 392, used for orders concerning the destruction of fingerprints and arrest cards, includes boxes indicating that such an order may be entered in district or circuit court and includes specific sections where a court may list the name of the defendant or juvenile who has filed a motion requesting that his fingerprints and arrest card be destroyed. Michigan SCAO-Approved Form MC 392 (3/10), Order Regarding Destruction of Fingerprints and Arrest Card. The order provides two alternative dispositions: "In accordance with MCL 28.243, the arresting agency and/or Michigan State Police shall . . . not destroy or return the fingerprints and arrest card of the defendant/juvenile[, or shall] immediately destroy the fingerprints and arrest card of the defendant/juvenile and provide certification of that fact to the defendant/juvenile." Additionally, the certificate of mailing section indicates that the order shall be served, "as appropriate," on "the arresting agency and the Michigan State Police[.]" *Id*.

Finally, Form MC 263, used for motions and orders of *nolle prosequi*, states, "**TO THE DEFENDANT**: Your fingerprints and arrest card will be destroyed by the Michigan State Police if you have been found not guilty. *They may also be destroyed after motion and order for destruction of fingerprints (forms MC 235 and MC 392)*." SCAO-Approved Form MC 263 (3/16), Motion/Order of Nolle Prosequi (emphasis added).

-4-

Thus, we reject the prosecution's claim that defendant was required to file an action for mandamus rather than a motion in the district court seeking the destruction of his fingerprints and arrest card.

## B. DESTRUCTION OF ARREST CARD AND BIOMETRIC DATA

The prosecution next argues that the circuit court erroneously granted defendant's request for destruction of his arrest card and biometric data, contrary to MCL 28.243(12), because it lacked authority to order destruction since defendant was, in fact, arraigned in district court. We agree.

> The primary objective in construing a statute is to ascertain and give effect to the Legislature's intent. We begin this task by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. Unless they are otherwise defined in the statute or are terms of art or technical words, we assign the words of a statute their plain and ordinary meaning. . . . Only if the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent. Although we must, as far as possible, give effect to every word, phrase, and clause in the statute, [w]e may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. [*People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008) (quotation marks and citations omitted; alteration in original).]

We will presume that a change in a statutory phrase reflects the Legislature's intention to change the meaning of that provision. *Pigula*, 202 Mich App at 90; see also *People v Williams*, 288 Mich App 67, 85; 792 NW2d 384 (2010) ("[A] change by amendment in the phraseology of a statute is presumed to indicate a legislative purpose to change the meaning.") (quotation marks and citation omitted; alteration in original), aff'd 491 Mich 164 (2012). On the other hand, we have, on occasion, acknowledged that, despite this presumption, a "change[] in statutory language may reflect an attempt to clarify the meaning of a provision rather than change it." *Ettinger v Lansing*, 215 Mich App 451, 455; 546 NW2d 652 (1996); see also *Cheboygan Sportsman Club v Cheboygan Co Prosecuting Attorney*, 307 Mich App 71, 82; 858 NW2d 751 (2014).

Before it was amended in 2012, MCL 28.243(12) provided, in relevant part:

> (12) The provisions of subsection (8) that require the destruction of the fingerprints and the arrest card do not apply to a person *who was arraigned in circuit court or the family division of circuit court* for any of the following:

> (a) The commission or attempted commission of a crime with or against a child under 16 years of age.

\* \* \*

(c) Criminal sexual conduct in any degree. [MCL 28.243(12), as amended by 2004 PA 222 (emphasis added).]

The 2012 amendment deleted the words "in circuit court or the family division of circuit court" so that, under the current version of the statute, MCL 28.243(8) does not apply "to a person *who was arraigned* for any of the following . . . ." MCL 28.243(12) (emphasis added). As stated above, the first step in statutory interpretation is to review the language of the statute. *Haynes*, 281 Mich App at 29. In its current form, the statute does not specify the court in which a defendant must be arraigned in order for MCL 28.243(12) to apply.[5] However, because a change in a statutory phrase gives rise to a presumption that the Legislature intended to change the meaning of the phrase, *Pigula*, 202 Mich App at 90, and there is no indication in this case that the amendment was only intended to clarify the meaning of the statute, we must conclude that the Legislature's intent, in deleting the phrase "in circuit court or the family division of circuit court," was to render an arraignment in either district court or circuit court sufficient for MCL 28.243(12) to apply.

The trial court speculated that the deletion of the phrase was simply "a cleanup of language" given its review of sources other than the text of the statute and its personal knowledge of, and experience with, the legislative process. However, this bald conjecture, which is not grounded in the statute's unambiguous language, is insufficient to overcome the presumption that the Legislature intended to change the application of the provision. See *Haynes*, 281 Mich App at 29. As part of its analysis, the lower court failed to consider a basic tenant of statutory interpretation—where language is unambiguous, no further judicial construction is required or permitted. See *Haynes*, 281 Mich App at 29. Instead, the circuit court simply chose to ignore the applicable plain language of the statute.

This conclusion is consistent with our interpretation of an earlier version of MCL 28.243 after the Legislature previously deleted language from the statute. In *Pigula*, 202 Mich App at 88, the defendant was charged with first- and second-degree criminal sexual conduct. When the charges were dismissed, the defendant moved for return of his fingerprints, arrest card, and

---

[5] We recognize that the arraignments held in district court and circuit court are distinct, in that district court arraignments are on the warrant or complaint, while circuit court arraignments are on the information and occur after the defendant has been bound over to the circuit court for trial. See MCR 6.006(A); MCR 6.104; MCR 6.113(B); *People v Nix*, 301 Mich App 195, 207-208; 836 NW2d 224 (2013). However, we find no basis in the language of MCL 28.243(12) for concluding that the Legislature intended the differences between district court and circuit court arraignments to affect or limit the scope of MCL 28.243(12) after it removed "in circuit court or the family division of circuit court" from that subsection. Further, it is noteworthy that both types of arraignments occur following a finding of probable cause, see MCR 6.102(A)-(B); MCR 6.104(A), (D); MCR 6.110(E); MCR 6.111; MCR 6.113, and the Michigan Court Rules provide a procedure for a "circuit court arraignment" to be conducted by a district court judge under both the former and current versions of MCR 6.111.

photographs. *Id*. In support of his motion, the defendant cited a phrase in a prior version of MCL 28.243 that allowed a court to order return of the records even if the defendant had been charged with criminal sexual conduct. *Id*. at 89. We noted that this phrase had been deleted during an amendment to the statute. *Id*. at 90. As a result, we held that "there [was] no right to the return of arrest records with regard to a dismissed CSC charge" based on the reasoning that a change in statutory language reflects a change in meaning. *Id*. Here, consistent with our reasoning in *Pigula*, we conclude that deletion of the phrase "in circuit court or the family division of circuit court" reflects the Legislature's intent to change the statute's scope.

Therefore, we hold that an arraignment in either district court or circuit court is sufficient for MCL 28.243(12) to apply. Because defendant was arraigned in district court on October 29, 2014, before the order of *nolle prosequi* was entered in December 2014, MCL 28.243(12) applies in this case, and defendant is not entitled to destruction of his arrest card or biometric data. Likewise, given the clear and unambiguous language of the statute, we reject defendant's claims that the trial court had discretion to order the destruction or return of defendant's biometric data and arrest card in the interest of justice. See *Pigula*, 202 Mich App at 90-91 (providing an analysis of provisions in the former version of MCL 28.243 that are substantively identical, in all relevant respects, to the current version of MCL 28.243(12)(c) and (12)(h)). Nothing in the plain language of the statute supports the circuit court's conclusion or defendant's contention regarding the scope of the trial court's discretion in this matter.

## IV. CONCLUSION

Defendant was not required to request a writ of mandamus compelling the return or destruction of his arrest card and biometric data. However, MCL 28.243(12) does not entitle defendant to the destruction of his biometric data and arrest card.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Jane E. Markey