*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 14, 2026
9:06 AM

Plaintiff-Appellant,

v

No. 372747
Tuscola Circuit Court
LC No. 24-016459-FH

DAMIAN GERARD IZYDOREK,

Defendant-Appellee.

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Plaintiff, the People of the State of Michigan, appeals as of right the trial court's order dismissing the charges against defendant with prejudice. Plaintiff also challenges the trial court's order imposing costs. We vacate the trial court's orders and remand for further proceedings.

## I. FACTS

On February 1, 2024, a felony complaint was filed against defendant, Damian Gerard Izydorek, alleging that defendant had committed domestic violence, MCL 750.81(2), and was a third-offense habitual offender. After a preliminary examination, defendant was bound over to the circuit court, and plaintiff filed a felony information charging defendant.

The trial court set the jury trial for June 25, 2024, then adjourned the trial to July 30, 2024 upon defendant's request and the stipulation of the parties. The trial court then adjourned the trial date of July 30, 2024, to August 27, 2024, again at the request of defendant and upon stipulation of the parties. Plaintiff issued subpoenas to nine witnesses that the prosecution intended to call at trial on August 27, 2024. The parties agree that at that time, approximately 20 trials were scheduled to begin on that date in the circuit court's single court room before the county's lone circuit judge.

The trial court held the final pretrial conference in this case on Friday, August 23, 2024, during which the trial court stated that this case was scheduled for trial "next Tuesday," meaning August 27, 2024. At that time, there were approximately six cases scheduled to proceed to trial on that date. The attorneys for both parties in this case confirmed that they were ready to proceed

-1-

with trial on that date. There was some discussion during the final pretrial conference of setting a backup trial date for "Thursday," meaning August 29, 2024, but a backup date was not established during the conference. According to defense counsel, after the hearing he verified his schedule and informed the trial court's assignment clerk, Mrs. Friday, that he was available for trial on Thursday, August 29, 2024, as a backup trial date. The trial court then issued a new Notice to Appear, indicating the trial date of Tuesday, August 27, 2024, with a backup trial date of Thursday, August 29, 2024. It is unclear when the prosecution received the new Notice of Hearing.

Meanwhile, four of the six cases scheduled for trial on Tuesday, August 27, 2024 (not including this one), were resolved.[1] Later on Friday, August 23, 2024, the trial court held a final pretrial conference in the case of *People v Jeffrey Watkins*, circuit court file no. 24-16524-FH, which was attended by the same assistant prosecutor who had attended the final pretrial conference in this case earlier that day. The defendant in *Watkins* had successfully appealed to obtain withdrawal of an earlier guilty plea, had refused subsequent offers of a plea agreement on several occasions, had consistently insisted upon a jury trial, and the time for the defendant in *Watkins* to accept the offer of a plea agreement had expired. The prosecution informed the trial court that they were ready to proceed to trial in *Watkins* on Tuesday, August 27, 2024, and the defense in that case also assured the trial court that they were ready to proceed on that date. The trial court confirmed that the trial in *Watkins* would proceed on Tuesday, August 27, 2024, and conclude on Wednesday, August 28, 2024, and that the trial in the instant case would begin on Thursday, August 29, 2024. The trial court stated during the hearing in *Watkins* :

> *The Court*:     All right. And the plan is Tuesday, Wednesday until we finish. And just for your office's information, [assistant prosecutor] Hill, Mr. Izydorek is first up on Thursday morning.
>
> [*Assistant Prosecutor*]:          Thank you.
>
> *Defense Counsel*:      . . . I've spoken to [Chief Assistant Prosecutor] Walle and she doesn't necessarily anticipate that we'll get done in two days [with *Watkins*].
>
> *The Court*:     We'll get done. And she's not here, either. So. Tuesday, Wednesday. We're starting Izydorek on Thursday.

Apparently in reliance upon these statements by the trial court, plaintiff informed its witnesses in this case that they were required to appear for trial beginning Thursday, August 29, 2024, rather than Tuesday, August 27, 2024.

On the morning of August 27, 2024, the prospective jurors arrived at the trial court for jury selection in the *Watkins* trial; meanwhile, the defendant in *Watkins* pleaded guilty and the trial

---

[1] Reportedly, these cases were criminal matters and the prosecutor's office presumably was aware that the cases were resolved.

court accepted the plea. The trial court then advised the prosecution[2] that the court was ready to proceed with trial in this case. The prosecution reminded the trial court that the trial court had stated at the final pretrial conference in *Watkins* the previous Friday afternoon that the trial court would proceed with trial in this matter on August 29, 2024, and informed the trial court that in reliance on that instruction, the prosecution had told the prosecution's witnesses to be present August 29, 2024. Although the trial court acknowledged instructing the parties to be ready to proceed on August 29, the trial court nonetheless directed the parties to the courtroom, stating "We got the jury upstairs. We're going to [go] up there. I'm going to go on the record. And you're either ready or you're not ready. That's what's going to happen."

The prosecution suggested that the parties be permitted to select the jury that day, but not call witnesses until August 29, 2024. The trial court rejected that suggestion, stating that "if we proceed today, Ms. Walle, we are going through the entire trial, . . . so are you ready to proceed today now or not?" The prosecution informed the trial court that "if the Court is not willing to allow us to call [witnesses] on Thursday as already indicated, we will have to dismiss the case. However, as I've already indicated, we can pick a jury today and not waste the jury's time that are here and we can proceed with witnesses on Thursday." The trial court refused to permit the trial to proceed on August 29, 2024, and plaintiff therefore moved for *nolle prosequi*, that is, to dismiss the case without prejudice to the prosecution refiling the charges. The trial court reluctantly agreed to grant the motion. However, when the trial court issued its order for nolle prosequi, the order stated that the charges against defendant were dismissed with prejudice. The trial court also issued an order imposing costs on plaintiff of $1,469.00 for the cost of the jury. Plaintiff now appeals the order dismissing the case with prejudice and also challenges the imposition of costs.

## II. DISCUSSION

## A. DISMISSAL WITH PREJUDICE

Plaintiff contends that the trial court abused its discretion by dismissing the charges against defendant with prejudice. We agree.

We review for an abuse of discretion the trial court's decision on a motion to dismiss a case. *People v Witkoski*, 341 Mich App 54, 59; 988 NW2d 790 (2022). An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes or when the trial court makes an error of law. *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018).

"The prosecutor is a constitutional officer whose duties are as provided by law." *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683; 194 NW2d 693 (1972), citing Const 1963, art 7, § 4. When the prosecutor performs duties on behalf of the people of the state, the prosecutor's acts are those of the executive branch of government. See *id*. Whether to bring a charge and what charge to bring are decisions within the discretion of the prosecutor. *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999). Similarly, the decision to proceed to trial

---

[2] The chief assistant prosecutor present was not the assistant prosecutor who attended the final pretrial conference on August 23, 2024.

or to seek to dismiss a case *nolle prosequi* after charges have been authorized are executive acts falling within the prosecutor's authority. See *People v Williams*, 244 Mich App 249, 252; 625 NW2d 132 (2001). If the judicial branch seeks to control or overly to regulate the "institution and conduct of prosecutions," such action is "an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers." *Genesee Prosecutor*, 386 Mich at 684.

When an information has been filed and a prosecution is underway, however, MCL 767.29 constrains the prosecutor's power to dismiss the matter without prejudice, called a *nolle prosequi*, without leave of the trial court. *People v Glass (After Remand)*, 464 Mich 266, 278; 627 NW2d 261 (2001). MCL 767.29 provides, in relevant part:

> A prosecuting attorney shall not enter a nolle prosequi upon an indictment, or discontinue or abandon the indictment, without stating on the record the reasons for the discontinuance or abandonment and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes.

When a prosecutor moves for *nolle prosequi*, the trial court must review the prosecutor's stated reasons and any record evidence to determine whether the prosecutor's decision "is in accord with the law, facts and reason of the matter." *Genesee Co Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 121; 215 NW2d 145 (1974). Because entering a *nolle prosequi* generally is within the broad discretion of the prosecutor, the trial court should grant the motion unless the prosecutor's action in entering a *nolle prosequi* violates the federal or state Constitutions, constitutes an illegal act, or exceeds the prosecutor's authority. *People v Jones*, 252 Mich App 1, 10; 650 NW2d 717 (2002). "A circuit judge does not enjoy supervisory power over the prosecuting attorney" and may not substitute his or her judgment for that of the prosecuting attorney. *Genesee Co Prosecutor*, 391 Mich at 121. The circuit court may reverse or revise the prosecuting attorney's decision "only if it appears on the record that [the prosecutor has] abused the power confided to them," *id.*, because unfettered authority by the trial court over a prosecutor's decision regarding *nolle prosequi* "would constitute an impermissible intrusion on the executive branch and a violation of the doctrine of separation of powers." *People v Williams*, 186 Mich App 606, 609; 465 NW2d 376 (1990). "Thus, the trial court's authority over the discharge of the prosecutor's duties is limited to those activities or decisions by the prosecutor that are unconstitutional, illegal, or ultra vires." *People v Morrow*, 214 Mich App 158, 161; 542 NW2d 324 (1995).

In this case, the prosecution moved for *nolle prosequi* for the reason that the trial court was insisting that trial commence that morning, August 27, 2024, and the prosecution did not have its witnesses present because the prosecution believed that the trial court had moved the trial date to August 29, 2024. This belief arose from the fact that the trial court told a different assistant prosecutor in the *Watkins* case the Friday afternoon before the scheduled trial date in this case to tell his office to be ready for trial in this case on August 29, 2024. Apparently, the trial court actually meant that the prosecution should be ready to proceed with trial in this case on *both* August 27, 2024, and also on August 29, 2024, if trial in the *Watkins* case proceeded on August 27, 2024. Before entering the courtroom where the prospective jurors were waiting, the following discussion took place in the hearing referee room:

*The Court*: It's the Court's understanding that the People wish to inquire of the Court something on the record. We have the jury upstairs – prospective jury I should say upstairs waiting.

*Ms. Walle*: Yes, your Honor. On Friday of last week, your Honor, when the status conferences were held for all of the trials for this week, the People were informed that Izydorek would be proceeding on Thursday and to have our witnesses ready for Thursday.

*The Court*: Yep.

*Ms. Walle*: Our witnesses are ready for Thursday. They are not here today. We did not have them here today because we were not told to have them here today. We would be --

*The Court*: Okay. Well, I'm going to stop you right there, okay? The only reason why this is happening is because you pled your other case.

*Ms. Walle*: Your Honor, I didn't plead him. I – I was informed this morning at literally eight twenty by . . . Mr. Lockard. He called my cell phone and informed me that when Mr. Watkins had appeared at the jail, the guard –

*The Court*: Okay. I'm going to stop you right there.

*Ms. Walle*: Okay.

*The Court*: All right? We got the jury upstairs. We're going to [go] up there. I'm going to go on the record. And you're either ready or you're not ready. That's what's going to happen.

The parties moved to the courtroom, and the following exchange occurred in front of the prospective jurors:

*The Court*: Today's the date and time set for jury trial. Ms. Walle on behalf of the People, ready to proceed?

*Ms. Walle*: Your Honor, at this time the People would request that we be allowed to proceed on Thursday as we were instructed. We are ready to pick a jury this morning. We would not be ready to call witnesses until Thursday as the Court instructed us to have the witnesses here on Thursday.

*The Court*: Okay. All right. Mr. Elder, you're ready to proceed?

*Mr. Elder*: Yes, your Honor.

*The Court*: All right. Well, if we proceed today, Ms. Walle, we are going through the entire trial. It was noticed for today. We had another trial that was set for trial today that settled this morning that I just took the plea on. So, obviously

this was the next one up.  If we couldn't do it today because we're doing the other trial, we were doing it on Thursday.  That was a backup date.  So, are you ready to proceed today now or not?

*Ms. Walle*:    Your Honor, I understand the Court's position.  I still stand with –

*The Court*:    No, it – it's not the Court's position, Ms. Walle on behalf of the People of the State of Michigan all these prospective jurors who are citizens of our county who are now getting to see what we deal with up here from your office.  All right?  You were told, it was noticed, you are not ready to proceed.  So, you're either going to dismiss the case or we're going to go right now.

*Ms. Walle*:    Your Honor, if the Court is not willing to allow us to call a witness on Thursday as already indicated, then we will have to dismiss the case.  However, as I've indicated, we can pick a jury today and not waste the jury's time that are here and we can proceed with witnesses on Thursday.

*The Court*:    No, because you're going to have them come back on Thursday when we could finish it today if your office had your witnesses here.

*Ms. Walle*:    And I will remind the Court that on Thursday – or on Friday last week you told us to have witnesses here –

*The Court*:    No.

*Ms. Walle*:    -- on Thursday.

*The Court*:    No.  Here's how we do things, okay?  This is how things happen in Circuit Court, all right?  There's notices that go out.  There are notices to jurors that go out.  The jurors are here.  They're ready to  proceed.  My staff is here ready to proceed.  The defendant who is charged with a crime by your office is ready to proceed.  Mr. Elder, the defendant['s] attorney on behalf of Mr. Izydorek is ready to proceed.  So, the only people in the room that didn't read their notice are – is your office.  So, are you going to go today or not?

*Ms. Walle*:    Your Honor, I would like to make a record that –

*The Court*:    You're making a record Ms. Walle.

*Ms. Walle*:    Okay.

*The Court*:    Record – everything's recorded.    Everybody    knows    that everything's recorded –

*Ms. Walle*:    I understand.

*The Court*: -- all right? Because we – we've got all of these people who are here to hear this case. They got a notice. They came to court. Mr. Izydorek got a notice. He's here in court ready to proceed. The only people not ready is your office –

*Ms. Walle*: And I –

*The Court*: -- which is the way it always is for me.

*Ms. Walle*: Your Honor, I – if I could, that is completely inaccurate. I was here ready to proceed on Mr. Watkins' case this morning. I was notified at eight twenty by defense counsel –

*The Court*: And you gave him a plea agreement. He didn't plead to his charge. You gave him a plea agreement.

*Ms. Walle*: He pled to the most serious charges and the other charges were dismissed. He was not given any benefit of any bargain. His sentence –

*The Court*: Okay. So, I'm going to stop you right here, okay? Because I still am in charge. Are you going today or are you dismissing the case?

*Ms. Walle*: If the Court is indicating –

*The Court*: No.

*Ms. Walle*: -- that we cannot call –

*The Court*: It's – it's a yes or no –

*Ms. Walle*: -- witnesses today –

*The Court*: -- answer it. Are you dismissing or are we going forward today?

*Ms. Walle*: The People will have to dismiss as we do not have witnesses here as they were told to be here Thursday.

*The Court*: All right. Thank you. Thank you. So, ladies and gentlemen – you can have seat, Mr. Elder. You can all have a seat, too.

What's happened today is the prosecutor has failed to bring their witnesses to court. So, as anybody that's been on the jury last time knows, the evidence that comes before the Court is brought by the People in a criminal action. They've charged Mr. Izydorek with allegations. It's their responsibility to bring evidence to court.

As you can see, I'm not happy. They have failed to bring their witnesses today. So, we are not proceeding today, all right? The county has incurred the expense of you coming here today. You've been inconvenienced for coming here today. They

don't have enough respect for you or for me to have their witnesses here today. So, this is how we are going to proceed, today, they are dismissing the case.

Now, here is something you need to understand as citizens of this county. They're probably going to bring this case again against Mr. Izydorek because commonly we think that there's double jeopardy. But unfortunately double jeopardy does not attach until you are seated in the jury box, which unfortunately due to no fault, except for theirs, we have not been able to get to today.

So, my sincere apologies to you. My sincere apologies to Mr. Izydorek who's been inconvenienced. Who's facing these criminal charges and unfortunately is not able to meet those today. So I am going to – I will sign a nolle pros[3] upon presentation. and further, the Court is going to impose whatever the cost of the jury today will be [imposed] against the prosecutor's office.

The record in this case does not persuade this Court that the prosecution abused the power entrusted to it by moving for *nolle prosequi*. The prosecutor's need for an adjournment was due to a misunderstanding that arose from the trial court's statement the previous Friday to a different assistant prosecutor to be ready to proceed with the trial in this case on Thursday, August 29, 2024. The prosecutor's suggestion to proceed with jury selection would have produced the greatest economy of time; the trial court had allocated Tuesday and Wednesday of that week to the *Watkins* trial, and Thursday to the trial in this case. Allocating Tuesday to jury selection in this case and Thursday to continuing the case would have meant the loss of only one trial day, which had been gained by the prosecution resolving the *Watkins* case. Moreover, the trial court did not appear to consider giving the prosecutor time to attempt to have witnesses appear on Wednesday. In addition, the trial court in June 2024 and again in July 2024 had adjourned the trial date at the request of the defense, one of which was to accommodate defense counsel's scheduling conflict, while the prosecution had not previously sought adjournment. Under the circumstances, we find the trial court's refusal to select the jury that day and continue the trial two days later to be unnecessarily unyielding.

To summarize, the scheduling problem arose from understandable confusion based on the trial court's instructions at the final pretrial conference in the *Watkins* case. There is no suggestion that the prosecution was attempting to delay or otherwise was unprepared for trial; her witnesses simply were not present because she had misunderstood the trial court's instruction, which the trial court sent via a comment to a different assistant prosecutor in a different case. There also is no indication that the one- or two-day delay would have prejudiced the defendant; the trial court granted defendant two adjournments in the weeks before trial, and defense counsel assured the trial court that he was available for trial beginning either Tuesday or Thursday. Because the

---

[3] In Michigan, an order for *nolle prosequi* normally is a dismissal without prejudice to the prosecution again filing the charges. See *People v Reagan*, 395 Mich 306, 317; 235 NW2d 581 (1975); *People v Guthrie*, 317 Mich App 381, 384 n 3; 894 NW2d 711 (2016). In this case, the trial court advised the parties it that would sign a *nolle prosequi* order, then entered an order entitled "Order of Nolle Prosequi," but dismissed the charges with prejudice.

prosecution offered a reasonable explanation for the *nolle prosequi*, and there is no indication that the prosecution acted in a way that was unconstitutional, illegal, or ultra vires, the trial court abused its discretion by dismissing the charges against defendant with prejudice. See *People v Morrow*, 214 Mich App 158, 161; 542 NW2d 324 (1995).

## B. IMPOSITION OF COSTS

Plaintiff also contends that the trial court abused its discretion by imposing costs upon plaintiff. We agree. "In Michigan, a court cannot impose penalties or costs in a criminal case unless specifically authorized by statute." *People v Godfrey*, 349 Mich App 35, 40; ___ NW3d ___ (2023); see also *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014) ("The right to impose costs in a criminal matter is statutory"). "In a variety of circumstances, the Legislature has chosen to provide courts with the authority to impose costs." *Id*. at 149-150. Typically, however, the discussion of whether costs were properly imposed in a criminal case relates to costs imposed upon a criminal defendant. See *id*.

Here, the trial court ordered that the prosecution pay "costs" in the amount of $1,469, which the trial court determined was the amount incurred as a result of the jury venire being present on August 27, 2024. We find no statutory authority for the imposition of costs in this matter. Moreover, the facts do not support the trial court's reasoning in this case. The jury was not present that day exclusively to hear the instant case; rather, the jury was required to be present that day to hear the *Watkins* case, and thus would have been present regardless of whether this case proceeded. As discussed, after the *Watkins* case unexpectedly was resolved, the prosecution suggested that the parties proceed that day with jury selection in this case, which likely would have minimized any wasted time caused by the *Watkins* case pleading unexpectedly.

We vacate the trial court's orders dismissing the case with prejudice and imposing costs on the prosecution and remand for further proceedings consistent with this opinion. Because remand to a different judge is appropriate when the original judge would have difficulty setting aside previously expressed views or findings determined to be erroneous,[4] see *People v Walker*, 504 Mich 267, 285-286; 934 NW2d 727 (2019), we direct that on remand this case be reassigned to a different judge, which in this case will require the assignment of a visiting judge. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick

---

[4] Although a trial court has authority to manage its docket, a crowded trial docket is not a valid basis for the judiciary to intrude upon the powers of the executive by dismissing criminal prosecutions. We note with interest *People v Perry*, unpublished per curiam opinion of the Court of Appeals, issued August 10, 2023 (Docket No. 363884); *People v Plain*, unpublished per curiam opinion of the Court of Appeals, issued September 14, 2023 (Docket No. 363297); *People v Novosad*, unpublished opinion per curiam of the Court of Appeals, issued January 25, 2024 (Docket No. 364356). In each case, this circuit court, and this trial judge in two of the cases, dismissed the prosecutor's case with prejudice and was reversed by this Court.